MARSALIS, Appellant,

v.

WILSON et al., Appellees.

Dwyer et al., Appellants,

v.

Conrad et al., Appellees.

[Cite as *Marsalis v. Wilson*, 149 Ohio App.3d 637, 2002-Ohio-5534.]

Court of Appeals of Ohio,
Second District, Champaign County.

Nos. 01CA31 and 01CA32.

Decided Oct. 11, 2002.

Daniel C. Harkins and Thomas C. Busam, for appellants Mark A. Marsalis and Robert J. Dwyer et al.

Stephen A. Watring, for appellees James R. Wilson and Michael W. Conrad et al.

GRADY, Judge.

{¶ 1} This appeal consolidates two related cases. In both cases, the plaintiffs commenced an action for discovery pursuant to R.C. 2317.48, seeking information from the Champaign Telephone Company and several of its officers and directors concerning the company's corporate reorganization and business operations. The trial court dismissed both actions on motions filed by the defendants pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief may be granted.

{¶ 2} A motion filed pursuant to Civ.R. 12(B)(6) tests the legal sufficiency of a claim for relief and asserts that the adverse party has failed to plead operative grounds creating the claim. *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 532 N.E.2d 753. The standards for pleading a claim for relief are set out in Civ.R. 8(A), which requires only "a short and plain statement of the claim showing that the party is entitled to relief."

{¶ 3} "In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted (Civ.R.12(B)(6)), it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *O'Brien v. University Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus. In making that finding, the court must accept all factual allegations as true and draw all reasonable inferences in favor of the nonmoving party. *State ex rel. Midwest Pride IV, Inc. v. Pontious* (1996), 75 Ohio St.3d 565, 664 N.E.2d 931.

{¶ 4} R.C. 2317.48 provides for an action for discovery and states:

{¶ 5} "When a person claiming to have a cause of action or a defense to an action commenced against him, without the discovery of a fact from the adverse party, is unable to file his complaint or answer, he may bring an action for discovery, setting forth in his complaint in the action for discovery the necessity and the grounds for the action, with any interrogatories relating to the subject matter of the discovery that are necessary to procure the discovery sought. Unless a motion to dismiss the action is filed under Civil Rule 12, the complaint shall be fully and directly answered under oath by the defendant. Upon the final disposition of the action, the costs of the action shall be taxed in the manner the court deems equitable."

{¶ 6} The action for which R.C. 2317.48 provides was first authorized by statute in 1857 (54 Ohio Laws 24), and before that in the form of an equitable bill of discovery. See *Poulos v. Parker Sweeper Co.* (1989), 44 Ohio St.3d 124, 541 N.E.2d 1031. Its codification rendered the equitable bill practically obsolete. Id., fn. 2, citing *Chapman v. Lee* (1887), 45 Ohio St. 356, 13 N.E. 736. Further, the later adoption of the Rules of Civil Procedure, which per Civ.R. 8(E)(1)

eliminate much of the technical forms of pleading for which an equitable bill was allowed, likewise diminished the utility of the action for which R.C. 2317.48 provides. *Poulos.*

{¶ 7} The two R.C. 2317.48 actions involved in this appeal were filed six weeks apart. In *Dwyer v. Conrad,* No. 99–CV–30, the plaintiffs sought information relevant to a proposed corporate reorganization plan from the Champaign Telephone Company ("company") and several of its offers and directors, who had refused requests for the information. Plaintiffs, who are shareholders of the company, alleged that the proposed plan would be detrimental to their interests as shareholders and that the officers and directors may have breached their fiduciary duty in adopting it. The information plaintiffs sought to discover related to the plan's justification and the process by which it was adopted, delving into the participation of each defendant and his/her reasons for supporting the plan. Plaintiffs also sought information concerning a letter concerning plaintiffs that the company had published to its shareholders, which plaintiffs alleged is defamatory.

{¶ 8} In the second action, *Marsalis v. Wilson,* No. 99–CV–58, plaintiffs alleged that Wilson, a director of the company who was also president of a local bank that had financed the company's reorganization, may have breached his fiduciary duty to the company and its shareholders by agreeing to the loan on terms unduly favorable to the bank and/or detrimental to the company and its shareholders.

{¶ 9} Defendants filed Civ.R. 12(B)(6) motions to dismiss in both cases. The trial court granted both motions. It found that in each case the plaintiff has sufficient information to file his complaint on the merits without the need of the prior discovery requested. Plaintiffs in each case filed timely notices of appeal.

## FIRST ASSIGNMENT OF ERROR

{¶ 10} "The trial court erred in dismissing appellant's complaint in Champaign County Common Pleas case No. 99–CV–30."

■ {¶ 11} The individual defendants in this case are officers and directors of a voting trust that controls or controlled[1] 50 percent of the company's voting stock. The trust proposed a plan to purchase the other 50 percent, which was owned by Ameritech. Plaintiffs alleged that the plan, which involved a corporate reorganization following the buyout, would dilute plaintiffs' proportionate owner-

---

1. It appears that the reorganization plan has been adopted since these actions were filed. That does not alter its alleged effects or plaintiffs' alleged need for discovery, but it does change the references we make to it. For that purpose, we will refer to the plan as an action yet to be taken.

641

ship share of the company and make restoration of their ownership rights more difficult by requiring a super-majority vote of 80 percent of the shareholders to accomplish it. These results, plaintiffs alleged, violate specific provisions of the Ohio law of corporations and were undertaken to benefit the defendants personally.

{¶ 12} The discovery plaintiffs requested concerned the process by which the plan had been adopted. Plaintiffs would have interrogatories served on each defendant, requiring information from them concerning their compensation, the dates and places of corporate meetings, the persons whom each had nominated and voted for as a director, the way in which the respondent had exercised his/her voting rights as a trustee, the location of records, whether and why the respondent voted in favor of the plan and the recapitalization it required, and the reasons for their various actions with respect to those matters. Plaintiffs argue that the information is necessary in order to allege a breach of fiduciary duty on the part of each respondent in voting to adopt the plan, which plaintiffs would allege in a subsequent action challenging the plan and its adoption.

{¶ 13} As a foundation of this alleged need, plaintiffs cite the business judgment rule. "The rule is a rebuttable presumption that directors are better equipped than the courts to make business judgments and that the directors acted without self-dealing or personal interest and exercised reasonable diligence and acted in good faith. A party challenging a board of directors decision bears the burden of rebutting the presumption that the decision was a proper exercise of the business judgment of the board." *Gries Sports Enterprises, Inc. v. Cleveland Browns Football Co., Inc.* (1986), 26 Ohio St.3d 15, 20, 496 N.E.2d 959. Plaintiffs contend that, absent the information they seek, which is necessary to rebut the presumption the business judgment rule creates, their counsel risks Civ.R. 11 sanctions should they commence their contemplated action for breach of fiduciary duty.

{¶ 14} Civ.R. 11 concerns pleadings and written motions. It authorizes a court to impose sanctions on an attorney or a pro se party if, with respect to a claim or defense pleaded, the court finds that there was not "good ground to support it," to the best of counsel's or the party's knowledge, information, or belief, or that it was "interposed for delay." Any complaint plaintiffs would file containing the contemplated claims for relief is plainly within the coverage of Civ.R. 11. Plaintiffs contend that lacking the information they seek, the court might then find that there was not "good ground to support" allegations of breach of fiduciary duty in a complaint naming the company and its directors as defendants.

{¶ 15} Plaintiffs' argument confuses pleadings and proof. A burden of proof is the obligation to show by evidence the existence of any fact or thing necessary to the prosecution of a claim or defense that a party pleads. *Kennedy v. Walcutt* (1928), 118 Ohio St. 442, 161 N.E. 336. If they allege breach of fiduciary duty on the defendant's part, the business judgment rule would impose on plaintiffs a burden at trial to present evidence to rebut the presumption the rule imposes. However, plaintiffs are not likewise obligated to plead operative facts in their complaint that would rebut the presumption. "[T]he complaint * * * need not state with precision all elements that give rise to a legal basis for recovery as long as fair notice of the nature of the action is provided." *Fancher v. Fancher* (1982), 8 Ohio App.3d 79, 83, 8 OBR 111, 455 N.E.2d 1344. To satisfy that requirement, plaintiffs only need plead the claim itself in the form of "a short and plain statement showing that (they are) entitled to relief," stated in terms that are "simple, concise, and direct." Civ.R. 8(A), (E)(a)(1). Any matters that involve the business judgment rule, as such, are not among those matters that Civ.R. 9 requires a plaintiff to specially plead.

{¶ 16} Civ.R. 8(B) suggests that the defendants might be obligated to plead the business judgment rule as a defense, though that is probably not required, since a presumption in defendants' favor exists by operation of law, whether or not it is pleaded. Whether they plead the defense or do not, after defendants' responsive pleadings are filed plaintiffs may discover the matters their R.C. 2317.48 action herein seeks to discover, according to the regular processes of discovery.

{¶ 17} The distinction between pleadings and proof is significant here, in particular, because "an action for discovery pursuant to R.C. 2317.48 is limited solely to interrogatories specifically concerning the facts necessary to the complaint or answer." *Poulos* at 127, 541 N.E.2d 1031. The complaint and answer are "pleadings." Civ.R. 7(A). Proof and the evidence it requires are different matters. R.C. 2317.48 is available to obtain facts required for pleading, not to obtain evidence for purposes of proof.

{¶ 18} We acknowledge that our holding does not resolve plaintiffs' Civ.R. 11 concerns. They may file their complaint without addressing the business judgment rule or pleading operative facts capable of rebutting the presumption it involves. However, and if they do, after plaintiffs' proof is adduced, the court could yet find that they filed their complaint alleging breaches of fiduciary duty absent the required "good grounds to support" that claim, according to the best of their knowledge, information, and belief. Even so, any such conclusion is constrained by the trial court's finding that plaintiffs now possess "sufficient information to file [their] complaint for a case on the merits." (Journal Entry, October 25, 2001, at 3.) That finding would collaterally estop a Civ.R. 11 claim to

the contrary on the same issue in a subsequent proceeding between these same parties. See *Grava v. Parkman* (1995), 73 Ohio St.3d 379, 653 N.E.2d 226.

{¶ 19}  The first assignment of error is overruled.

## SECOND ASSIGNMENT OF ERROR

{¶ 20}  "The trial court erred in dismissing appellants' complaint in Champaign County Common Pleas case No. 99–CV–58."

{¶ 21}  The defendants in case No. 99–CV–58 are the company and James R. Wilson.  Plaintiffs make two allegations in support of their R.C. 2317.48 claim for discovery.

{¶ 22}  First, plaintiffs allege that they need information concerning a loan made by Citizens National Bank, of which Wilson is president, to finance reorganization of the company, of which Wilson is a director.  They contend that Wilson's dual role is prohibited by federal regulation, Section 375b, Title 12, U.S.Code, and that "without the requested information [plaintiffs are] unable to determine the propriety of the loan and whether Wilson * * * engaged in a self-interested transaction which breached his fiduciary duties as a Director of the Company."  (Complaint, paragraph 17.)

{¶ 23}  Also with respect to the loan and Wilson's involvement in it, plaintiffs state that "it is believed" that the company provided CENTREX services to customers at different rates, that Citizens National Bank "is believed to have received CENTREX services at rates significantly below the rates charged by the Company to other businesses," and that after a rate tariff was subsequently approved for it, "the Company is believed to have continued to provide CEN-TREX services to the Bank at rates which may have been below the established tariff."  (Complaint, paragraphs 18, 19, and 21.)  Without information concerning those matters, according to plaintiffs, they are unable to determine whether Wilson breached the fiduciary duties he owes the company and its stockholders.

{¶ 24}  In *Poulos,* a theater owner who had worked with a sweeper manufacturer to develop a sweeper for use in theaters commenced an R.C. 2317.48 action. He alleged that he had an interest in the prototype model the manufacturer developed from his ideas, but the manufacturer had refused to recognize his resulting rights, be they patent, contract, or inventor's rights.  The theater owner commenced the 1983 action to learn the status of the product and his possible rights as part owner and developer of the product.

{¶ 25}  In *Benner v. Walker Ambulance Co.* (1997), 118 Ohio App.3d 341, 692 N.E.2d 1053, the plaintiff alleged that she had been injured in a collision with one of the defendant's ambulances.  In her R.C. 2317.48 action, she sought informa-

tion relating to the origin and nature of the emergency call on which the ambulance had been dispatched.

{¶ 26} The predicate dealings or encounters between the parties alleged in *Poulos* and *Benner* portray grounds for a claim for relief, or a "cause of action" in the terms used by R.C. 2317.48, which exist independently of the information the plaintiff sought from the defendant. Poulos reasonably knew, from bringing his own ideas to the sweeper manufacturer, that the prototype model it produced and supplied him was probably based on his ideas, at least in part. The information he sought would allow Poulos to decide whether to plead his claim in contract or tort. Benner knew that she had been injured due to the negligence of the ambulance company's employees. The information Benner sought would allow her to decide whether to plead reckless or wanton misconduct in addition to negligence.

{¶ 27} Here, in contrast, plaintiffs claim only that it is "possible" that the company provided CENTREX services to the bank at reduced rates. That mere possibility does not portray the existence of a cause of action on which R.C. 2317.48 is predicated, or at least a claim that one in fact exists. Nor does the allegation concerning Wilson's dual roles portray a claim. Further, as defendants argue, the federal regulation on which plaintiffs rely expressly exempts the dual role they allege Wilson occupies from the scope of its coverage.

{¶ 28} *Poulos* cautioned that R.C. 2317.48 "occupies a small niche between an unacceptable 'fishing expedition' and a short and plain statement of a complaint or a defense filed pursuant to the Civil Rules." Id. at 127, 541 N.E.2d 1031. Alleging only the possibility of the existence of some grounds, plaintiffs cast their line in a fishing expedition in the hope of obtaining the grounds they need. As for their alleged violation of the federal regulation, on its face it does not apply, leaving plaintiffs again with but a possibility of a cause of action, not grounds for one. R.C. 2317.48 requires more.

{¶ 29} Plaintiffs' second claim concerns a letter that the company published, in which it cautioned holders of certificates in the voting trust that a letter sent to them by plaintiffs "contains information which is not accurate and is misleading." In their R.C. 2317.48 action, plaintiffs allege that the statements are "potentially slanderous," and in their proposed interrogatories they seek the names of those who prepared, mailed, and received the letter. Plaintiffs alleged in their complaint that they need the information to determine whether to institute an action.

{¶ 30} Plaintiffs' argument again suggests that the information is needed to determine whether they have a cause of action or claim for relief, not merely to plead one. Thus, the information they seek is not a matter "limited and directed toward only those facts necessary to draft a complaint or an answer in a

subsequent lawsuit," *Poulos* at 127, 541 N.E.2d 1031, to which an R.C. 2317.48 action is expressly limited.  Id.

{¶ 31}   The second assignment of error is overruled.

## Conclusion

{¶ 32}   Having overruled the assignments of error presented, we will affirm the final judgment of the court of common pleas from which this appeal was taken.

Judgment affirmed.

WOLFF, P.J., and BROGAN, J., concur.