DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal of the January 3, 2006 judgment of the Wood County Court of Common Pleas which granted summary judgment in favor of Recreational Development 
Consulting, Inc. ("RDC") and Richard E. Kavanagh, d/b/a Richard E. Kavanagh Associates ("Kavanagh"). After careful review, we find that we must reverse the trial court's decision.
 {¶ 2} The subject of this appeal is this court's prior decision in this case captioned Perrysburg Twp. v. Rossford,149 Ohio App.3d 645, 2002-Ohio-5498 ("Perrysburg I".) The facts leading us here are as follows. In 2001, appellant, Perrysburg Township ("the Township"), commenced an action against the city of Rossford and the Mayor of the city of Rossford and President of the Rossford Arena Amphitheater Authority ("RAAA"), Mark Zuchowski. The complaint also named John Doe Defendants 1-10. The Township filed a separate complaint against the RAAA and John Doe Defendants 1-10.
 {¶ 3} The above complaints stemmed from a failed sports arena/amphitheater project to have been built in Rossford, Wood County, Ohio. On June 29, 1999, an agreement between the RAAA, the Rossford/Perrysburg Township Joint Economic Development Authority/Port Authority and Perrysburg Township provided that the Township would provide to the Port Authority the sum of $5,000,000 to assist in the construction of the complex. The Port Authority would then pay the sum to the RAAA. The RAAA was to repay the Port Authority from any revenues within two years (in six-month increments) and with an eight percent interest rate. Those funds were then to be remitted back to the Township.
 {¶ 4} In its complaints the Township claimed that the RAAA, aided by John Doe Defendants 1-10, devised a "scheme" to sell the Township a security that was not registered and not exempt from registration under R.C. Chapter 1707. The complaints alleged that Mayor Zuchowski and the RAAA made fraudulent, misleading statements regarding the undisclosed contingencies and risks which could impair the ability to repay the Township. The complaints alleged that as a result of the alleged misrepresentations and nondisclosures, the Township lost $6,800,000.
 {¶ 5} On October 22, 2001, the defendants filed separate motions to dismiss arguing that the Township failed to state a claim upon which relief could be granted. With regard to the securities claims, Rossford and Zuchowski argued that the note was not a security within the meaning of R.C. 1707.01(B). On February 14, 2002, the trial court granted the motions finding that the note was not a security, that the claim for negligent misrepresentation was barred by the "economic loss" rule, that the claim for unjust enrichment was "barred by the existence of the express agreement governing the parties' expectations," that the agency theory failed because the contractual obligation was solely that of the RAAA, not Rossford, and that the Township failed to state a breach of contract claim. The Township appealed these rulings.
 {¶ 6} On appeal, this court reversed, in part, and affirmed, in part, the trial court's decision. This court held that the note at issue could be a security as defined under R.C. Chapter 1707. However, with regard to Rossford and Zuchowski we determined that because they lacked privity of contract with the Township, it could not maintain securities claims against it; the RAAA securities claims could be pursued. This court further held that the trial court erred in dismissing the negligent misrepresentation claims, the unjust enrichment claim against the RAAA, and the securities and unjust enrichment claims against John Doe Defendants 1-10.
 {¶ 7} Following our decision, the Township filed a motion for reconsideration which was denied on November 14, 2002.[1]
Both parties appealed to the Supreme Court of Ohio. The Supreme Court of Ohio accepted jurisdiction over the Township's Proposition of Law No. 1 which questioned whether an instrument providing an unconditional promise to pay a specified sum of money on a date certain could be considered an "investment contract" and a "debt security" as provided under R.C.1707.01(B).[2] On September 8, 2004, the Supreme Court of Ohio affirmed Perrysburg I as to the above issue. SeePerrysburg Twp. v. Rossford, 103 Ohio St.3d 79,2004-Ohio-4362.[3]
 {¶ 8} During the pendancy of the appellate process, the Township filed a second amended complaint against Rossford and Zuchowski; the complaint also identified John Doe Defendants 1-10 as appellees RDC and Kavanagh, financial advisors to Rossford and Zuchowski. The sole claims against RDC and Kavanagh related to R.C. Chapter 1707. On August 18, 2005, the trial court denied the Township's request to file a further amended complaint to include securities claims against Rossford and Zuchowski; the court stated that the doctrine of law of the case precluded revival of the claims.
 {¶ 9} On October 21 and November 2, 2005, RDC and Kavanagh filed separate motions for summary judgment. The motions both argued that because they were in privity of contract with Rossford and Zuchowski, our decision in Perrysburg I acted as res judicata or law of the case with respect to the securities claims.
 {¶ 10} On January 3, 2006, the court granted both motions for summary judgment finding that because the claims were based solely on RDC's and Kavanagh's relationship with Rossford and Zuchowski, and the securities claims against Rossford and Zuchowski had been dismissed, the claims were barred by the doctrines of res judicata and law of the case. In response to the court's rulings and in order to perfect an appeal against RDC and Kavanagh, the Township dismissed all pending claims, without prejudice, against Rossford and Zuchowski.[4]
 {¶ 11} On appeal, the Township raises the following assignment of error:
 {¶ 12} "The trial court's application of an erroneous ruling in Perrysburg Township v. Rossford (2002), 149 Ohio App.3d 641, ("Perrysburg Township I") achieves manifestly unjust results which warrant a re-examination of the law of this case."
 {¶ 13} We first note that appellate review of a trial court's grant of summary judgment is de novo. Grafton v. Ohio EdisonCo., 77 Ohio St.3d 102, 105, 1996-Ohio-336. Accordingly, we review the trial court's grant of summary judgment independently and without deference to the trial court's determination. Brownv. Scioto Cty. Bd. Of Commrs. (1993), 87 Ohio App.3d 704, 711. Summary judgment will be granted only when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Harless v. Willis Day Warehousing Co.
(1978), 54 Ohio St.2d 64, 66; Civ.R. 56(C). The burden of showing that no genuine issue of material fact exists falls upon the party who moves for summary judgment. Dresher v. Burt,75 Ohio St.3d 280, 294, 1996-Ohio-107. However, once the movant supports his or her motion with appropriate evidentiary materials, the nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E).
 {¶ 14} In essence, appellant is asking this court to reverse the portion of our ruling in Perrysburg I wherein the court held that although the note at issue could be a security, because neither Rossford nor Zuchowski, individually, was an express party to the agreement they could not be collaterally liable under R.C. Chapter 1707. Appellant acknowledges the law of the case doctrine but agues that the holding should be reexamined in this case because Perrysburg I was wrongly decided and operated to achieve a manifest injustice.
 {¶ 15} Conversely, appellees argue that appellant has incorrectly labeled the issue before us as a law of the case question when, in fact, it implicates the doctrine of res judicata. Appellees also dispute appellant's categorization of its assignment of error as "trial court error" when, in fact, appellant acknowledges that the lower court was required to adhere to this court's prior ruling. Finally, appellees assert that the Ohio Supreme Court's holding in Phung v. Waste Mgt.,Inc., 71 Ohio St.3d 408, 1994-Ohio-389, is dispositive.
 {¶ 16} Before reaching the issue of whether the doctrine of either law of the case or res judicata, or both, bar our review of this case we will first examine whether or not the underlying pronouncement of law was in error. As set forth above, inPerrysburg I we determined that because neither Rossford nor Zuchowski were express parties to the agreement appellant was not entitled to relief under R.C. Chapter 1707. This finding mirrored our affirmance of the dismissal of appellant's breach of contract claim wherein we stated "when a third party enters into a contract with an agent alone, that party cannot maintain an action on a contract against the principal." Id. at ¶ 61.
 {¶ 17} Unlike a common law breach of contract claim, R.C.1707.43(A) provides for liability as follows:
 {¶ 18} "The person making such sale or contract for sale, and every person that has participated in or aided the seller in any way in making such sale or contract for sale, are jointly and severally liable to the purchaser, in an action at law in any court of competent jurisdiction, upon tender to the seller in person or in open court of the securities sold or of the contract made, for the full amount paid by the purchaser and for all taxable court costs, unless the court determines that the violation did not materially affect the protection contemplated by the violated provision."
 {¶ 19} Based upon the plain language of the statute, it would appear that appellant, despite not being in "privity of contract" in the traditional sense, would have been able to maintain a claim against Rossford and Zuchowski under R.C. Chapter 1707 as entities who "aided" the seller. Accordingly, we believe that this court erroneously determined that privity of contract was a prerequisite to collateral liability claims under R.C. Chapter 1707.
 {¶ 20} However, our inquiry does not end here. Generally, irrespective of the correctness of a decision, a court adheres to its prior ruling throughout the course of that case. This concept, known as the doctrine of the law of the case, provides that "the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels."Nolan v. Nolan (1984), 11 Ohio St.3d 1, 3. The Supreme Court of Ohio further noted that "the doctrine functions to compel trial courts to follow the mandates of reviewing courts," and that:
 {¶ 21} "The doctrine is considered to be a rule of practice rather than a binding rule of substantive law and will not be applied to achieve unjust results. However, the rule is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution. * * *. Thus, where at a rehearing following remand a trial court is confronted with substantially the same facts and issues as were involved in the prior appeal, the court is bound to adhere to the appellate court's determination of the applicable law." (Citations omitted.) Id.
 {¶ 22} Likewise, res judicata is a doctrine which adheres to the principle of the finality of judgments. The doctrine provides that "[a] valid final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Grava v. Parkman Twp., 73 Ohio St.3d 379,1995-Ohio-331, syllabus. The bar also applies to parties in privity with those in the first action. Kirkhart v. Keiper,101 Ohio St.3d 377, 2004-Ohio-1496. However, "[w]here a judgment is rendered on grounds not involving the merits of the case, that judgment cannot be used as a basis for the defense of res judicata." Crestmont Cleveland Partnership v. Ohio Dept. ofHealth (2000), 139 Ohio App.3d 928, 933, citing McGatrick v.Wason (1855), 4 Ohio St. 566. Unlike the law of the case doctrine, the application of res judicata is mandatory, subject only to intervening changes in law. See Natl. Amusements v.Springdale (1990), 53 Ohio St.3d 60, syllabus.
 {¶ 23} The parties in this case dispute which doctrine is applicable and its effect on the outcome of this appeal. Appellees argue that res judicata, rather than the law of the case, applies to bar our review. Appellees cite to the Supreme Court of Ohio case captioned Phung v. Waste Mgt., Inc.,71 Ohio St.3d 408, 1994-Ohio-389, as being dispositive. The procedural history of Phung, set forth in pages 408-409, is as follows. The plaintiff filed a complaint alleging wrongful discharge and intentional infliction of emotional distress. The trial court dismissed the wrongful discharge claim for failure to state a claim; the court of appeals reversed the trial court's dismissal. The Supreme Court of Ohio reinstated the dismissal and the case returned to the trial court. The plaintiff then amended portions of his complaint regarding his wrongful discharge claim; the trial court dismissed the wrongful discharge and intentional infliction of emotional distress claims. On appeal, the court affirmed the dismissal of the wrongful discharge claim but reversed the dismissal of the emotional distress claim. The Supreme Court of Ohio denied the plaintiff's motion to certify the record.
 {¶ 24} On remand, the trial court denied the plaintiff's motion to proceed on the wrongful discharge claim; the case proceeded to trial on the intentional infliction of emotional distress claim with a jury verdict rendered in the defendant's favor. The appellate court affirmed the trial court's denial of the request to proceed on the wrongful discharge claim but reversed the judgment finding that the trial court erred when it denied the plaintiff's request to present two witnesses. These matters were then appealed to the Supreme Court of Ohio.
 {¶ 25} Regarding the issue of res judicata, the court held that the plaintiff was precluded from relitigation of his wrongful discharge claim based upon its prior decision denying review which acted as res judicata despite the fact that it did not dispose of the entire case. Id. at 412. In reaching its conclusion, the court quoted Restatement of the Law 2d, Judgments (1982), Section 13, Comment e, which provides that "[a] judgment may be final in a res judicata sense as to a part of an action although the litigation continues as to the rest."
 {¶ 26} Upon review, we find that there are critical differences between Phung's procedural history and the facts in this case. In Phung, the trial court dismissed the wrongful discharge claim finding that it failed to state a claim for relief. A dismissal on this basis is considered a decision on the merits and, thus, relitigation of the claim is barred by res judicata. See Reasoner v. Columbus, 10th Dist. No. 04AP-800,2005-Ohio-468, ¶ 7-11.
 {¶ 27} This case is similar to Phung in that trial court dismissed the securities claims for failure to state a claim upon which relief may be granted; however, unlike Phung, as its basis, the trial court found that the note at issue could not be a security. This finding was reversed by this court and our decision was affirmed by the Ohio Supreme Court. The trial court never reached the determination of whether privity of contract was required between the Township and Rossford and Zuchowski. Thus, because the issue has never been properly addressed on its merits it cannot be barred by res judicata.
 {¶ 28} Turning to the law of the case doctrine, we acknowledge that our decision in Perrysburg I, adhering to such doctrine, should control throughout the course of these proceedings. As noted above, the mere fact that we believe that the decision was incorrect is not sufficient to deviate from a rule of practice which acts to provide finality and consistency of judgments. In order to reverse the trial court's decision, we must find that our holding in Perrysburg I regarding the requirement of privity of contract in claims under R.C. 1707.43
creates a manifest injustice.
 {¶ 29} Upon careful review and consideration, we find that this is such a case. The issue of privity of contract was never reached in the trial court. On appeal, the parties did not address privity of contract with regard to the securities claims; the question before this court was the threshold issue of whether or not the note could be construed as a security in order to pass Civ.R. 12(B)(6) review. This court held that because the note could be a security, the trial court erred by dismissing the counts for failure to state a claim. Our analysis should have ended there. Unfortunately, this court made a determination of an issue not properly before it and without first affording the parties an opportunity to submit memoranda. Accordingly, because we have been given the opportunity we are compelled to correct our mistake. We are not unmindful of the hardship that this decision may cause, but we agree that the parties in this action should be given a fair opportunity to resolve the issues in this case.
 {¶ 30} Based on the foregoing, we find that the trial court erred in granting RDC's and Kavanagh's motions for summary judgment on the basis of the doctrines of res judicata and law of the case. Appellant's sole assignment of error is well-taken.
 {¶ 31} On consideration whereof, we find that substantial justice was not done the party complaining and the judgment of the Wood County Court of Common Pleas is reversed and the case is remanded to the trial court for further proceedings. Appellees are ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Handwork, J. Pietrykowski, J. Parish, J. concur.
[1] Denying the motion for reconsideration, this court concluded that "appellant either waived the issues raised or failed to raise any issues that have not been thoroughly considered by this court in the original appeal." PerrysburgTwp. v. Rossford, 6th Dist. Nos. WD-02-010, WD-02-011, 2002-Ohio-6364, at ¶ 5.
[2] The Supreme Court declined to review the Township's Proposition of Law No. 3 which provided:
"Where a trial court grants a motion to dismiss interrelated claims, in two separate actions, on one ground only, and a reviewing court reverses on that sole ground, it is incumbent upon the appellate tribunal to address the threshold questions then presented. Under such circumstances, an independent examination of the averments of the individual claims of each action, to determine if claims are stated under any possible theory of recovery, is mandated."
[3] Although the Township originally prevailed on this claim, it did not agree with this court's reasoning.
[4] Rossford and Zuchowski have filed an amicus brief in this appeal.