[Cite as *Baker v. Cooper Farms Cooked Meats*, 2009-Ohio-3320.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### VAN WERT COUNTY

RUSSELL BAKER,

    PLAINTIFF-APPELLEE,           CASE NO. 15-09-03

    v.

COOPER FARMS COOKED MEATS,       O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Van Wert County Common Pleas Court
Trial Court No. CV08-12-616

**Judgment Affirmed**

Date of Decision:  July 6, 2009

APPEARANCES:

    *Sara L. Rose and Mary Posciotta* for Appellant

    *Eric A. Mertz*  for Appellee

**SHAW, J.**

{¶1} Although originally placed on our accelerated calendar, we have elected, pursuant to Local Rule 12(5), to issue a full opinion in lieu of a judgment entry.

{¶2} Defendant-Appellant Cooper Farms Cooked Meats ("Cooper Farms") appeals from the February 9, 2009 Entry of the Court of Common Pleas, Van Wert County, Ohio granting the Petition for Discovery of Plaintiff-Appellee Russell Baker ("Baker").

{¶3} On December 3, 2008 Baker filed a "Petition for Discovery, Pursuant to Civ. R. 34(D) and O.R.C. §2317.48." In his petition Baker alleged that he was injured on October 6, 2008 while working in Cooper Farms' factory by a "Rapid Pack One" machine. Baker further alleged that there may be a products liability claim and intentional tort claim related to the injury. However, Baker claimed that he had insufficient information under which to pursue these possible claims; and that his requests for information from Cooper Farms had been denied.

{¶4} Baker requested that his counsel be provided with all statements made surrounding the Rapid Pack One machine or his injury, as well as any pictures. Additionally, Baker requested an order allowing him and his attorneys and experts to see, inspect, examine, test, photograph, and/or videotape the

machine or assembly line on which he was injured. Backer also attached interrogatories and a request for the production of documents to his petition.

{¶5} On December 22, 2008 Cooper Farms filed a motion to dismiss or alternatively, a motion for judgment on the pleadings. Baker responded to the motion to dismiss/motion for judgment on the pleading on January 14, 2009. On February 9, 2009 the trial court granted Baker's petition for discovery.

{¶6} Cooper Farms now appeals, asserting a single assignment of error.[1]

**ASSIGNMENT OF ERROR**
**THE TRIAL COURT ERRED IN GRANTING PLAINTIFF-APPELLEE [RUSSELL BAKER'S] PETITION FOR DISCOVERY IN THAT IT ORDERED [COOPER FARMS] TO OPEN UP ITS PREMISES TO BAKER, HIS ATTORNEYS AND HIS AGENTS, FOR INSPECTION, EXAMINATION, TESTING, PHOTOGRAPHING, AND/OR VIDEOTAPING AND ORDERED [COOPER FARMS] TO RESPOND TO 18 INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS WHEN (A) THE VAST MAJORITY OF THE DISCOVERY IS NOT NECESSARY TO ASCERTAIN THE IDENTITY OF A POTENTIAL ADVERSE PARTY; (B) BAKER WAS NOT OTHERWISE UNABLE TO BRING THE COMTEMPLATED ACTIONS; AND (C) BAKER DID NOT MAKE REASONABLE EFFORTS TO OBTAIN VOLUNTARILY THE INFORMATION FROM COOPER.**

{¶7} In its first assignment of error, Cooper Farms argues that the trial court erred in granting Baker's discovery petition. This Court reviews discovery

---

[1] We note that in response to the filing of this appeal, Baker filed a motion to dismiss arguing that the February 9, 2009 order was not a final appealable order. However, this Court determined, in a judgment Entry issued April 20, 2009, that "[t]he trial court's judgment granting the petition to obtain discovery, instituted as an independent action pursuant to R.C. 2317.48 and Civ. R. 34(D), is a 'final order' subject to review on appeal."

issues under an abuse of discretion standard. *State v. Ross*, 3rd Dist. No. 1-08-47, 2009-Ohio-188, at ¶11; *Geggie v. Cooper Tire & Rubber Co.,* 3d Dist. No. 5-05-01, 2005-Ohio-4750, ¶ 25. An abuse of discretion constitutes more than an error of law or judgment and implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. When applying the abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. *Id.*

{¶8} Actions for discovery are governed by R.C. 2317.48 which provides as follows:

> **When a person claiming to have a cause of action or a defense to an action commenced against him, without the discovery of a fact from the adverse party, is unable to file his complaint or answer, he may bring an action for discovery, setting forth in his complaint in the action for discovery the necessity and the grounds for the action, with any interrogatories relating to the subject matter of the discovery that are necessary to procure the discovery sought. Unless a motion to dismiss the action is filed under Civil Rule 12, the complaint shall be fully and directly answered under oath by the defendant. Upon the final disposition of the action, the costs of the action shall be taxed in the manner the court deems equitable.**

{¶9} Additionally, Civ. R. 34(D) provides the proper procedure for an action for discovery filed prior to the filing of an action as follows:

> **(1) Subject to the scope of discovery provisions of Civ. R. 26(B) and 45(F), a person who claims to have a potential cause of action may file a petition to obtain discovery as provided in this rule. Prior to filing a petition for discovery, the person seeking discovery shall make reasonable efforts to obtain**

**voluntarily the information from the person from whom the discovery is sought. The petition shall be captioned in the name of the person seeking discovery and be filed in the court of common pleas in the county in which the person from whom the discovery is sought resides, the person's principal place of business is located, or the potential action may be filed. The petition shall include all of the following:**

**(a) A statement of the subject matter of the petitioner's potential cause of action and the petitioner's interest in the potential cause of action;**

**(b) A statement of the efforts made by the petitioner to obtain voluntarily the information from the person from whom the discovery is sought;**

**(c) A statement or description of the information sought to be discovered with reasonable particularity;**

**(d) The names and addresses, if known, of any person the petitioner expects will be an adverse party in the potential action;**

**(e) A request that the court issue an order authorizing the petitioner to obtain the discovery.**

**(2) The petition shall be served upon the person from whom discovery is sought and, if known, any person the petitioner expects will be an adverse party in the potential action, by one of the methods provided in these rules for service of summons.**

**(3) The court shall issue an order authorizing the petitioner to obtain the requested discovery if the court finds all of the following:**

**(a) The discovery is necessary to ascertain the identity of a potential adverse party;**

**(b) The petitioner is otherwise unable to bring the contemplated action;**

**(c) The petitioner made reasonable efforts to obtain voluntarily the information from the person from whom the discovery is sought.**

{¶10} A plaintiff requesting pre-complaint discovery must comply with the requirements of Civ. R. 34(D). See *Huge v. Ford Motor Co.* 155 Ohio App.3d 730, 733, 803 N.E.2d 859, 2004-Ohio-232

{¶11} An action for discovery is to be used only to uncover facts necessary for pleading, not to gather proof to support a claim or to determine whether a cause of action exists. *Huge*, 155 Ohio App.3d at 733 citing *Marsalis v. Wilson,* 149 Ohio App.3d 637, 778 N.E.2d 612, 2002-Ohio-5534. R.C. 2317.48 "occupies a small niche between an unacceptable 'fishing expedition' and a short and plain statement of a complaint or defense filed pursuant to the Civil Rules." *Poulos v. Parker Sweeper Co.* (1989), 44 Ohio St.3d 124, 127, 541 N.E.2d 1031. In other words, R.C. 2317.48 "provide[s] a 'satisfactory middle course' for litigants who require additional facts in order to sufficiently file a valid complaint, but who already have enough factual basis for their assertions that the discovery process would not be turned into a 'fishing expedition.'" *Fasteners for Retail v. Peck* (Apr. 3, 1997), Cuyahoga App. No. 70818 citing *Poulos,* 44 Ohio St.3d at 126.

{¶12} In the present case, in evaluating Baker's petition, the trial court made the following observation about the evolution of Civ. R. 34(D):

> **According to the Staff Notes of Civil 34, the 1993 amendment is of particular benefit in an industrial accident case where the injured worker will be able to inspect and copy documents that can identify the manufacturer of the injury-causing machine.**

**{¶13}** Moreover, the trial court made the following findings:

> **The court finds that the plaintiff satisfied all of the elements required by Rule 34(D). Here, the plaintiff (1) does not know the identity of the defendant, (2) the purpose of his discovery request is to investigate a possible products liability claim due to the injury plaintiff suffered while at work, (3) the plaintiff documented attempts to obtain information voluntarily from the defendant, (4) his request includes the names of potential adverse parties, and (5) the plaintiff requests that the court issue an order to allow plaintiff to obtain discovery.**

**{¶14}** Cooper Farms makes three arguments as to why Baker was not entitled to the requested discovery. First, Cooper Farms argues that Baker does not need discovery to ascertain the identities of adverse parties. However, Baker claims he may have a products liability action concerning the Rapid Pack One machine. Without discovery, he has no way of knowing who to bring suit against from a myriad of potential parties including: Cooper Farms, a main manufacturer, a parts manufacturer, a maintenance person, etc. Discovery is vital to allow Cooper to ascertain the correct party.

**{¶15}** Second, Cooper Farms argues that Baker does not need the requested discovery to bring the contemplated action. However, Ohio Courts have held that "[u]ltimately, [Civ. R. 34(D)] acts as a safeguard against charges that the plaintiff filed a frivolous lawsuit in a case where the wrongdoer or a third party has the

ability to hide the facts needed by the plaintiff to determine who is the wrongdoer and exactly what wrong occurred." See Committee Notes to Civ.R. 34(D). *Benner v. Walker Ambulance Co.* (1997), 118 Ohio App.3d 341, 692 N.E.2d 1053. Here, the requested discovery is necessary to ascertain who the wrongdoer is and exactly what occurred.

{¶16} Third, Cooper Farms argues that Baker did not make reasonable efforts to obtain discovery. However, Baker's counsel sent a letter to counsel for Cooper Farms, to which Cooper Farm's counsel replied, rejecting the request and stating that Baker could have the requested documents if he was willing to sign a release against Cooper Farms. The trial court found this to be a reasonable effort, and this Court agrees.

{¶17} Finally, Cooper Farms argues that Baker did not include sufficient underlying facts in his petition to show his reason to believe he had a cause of action. However, we disagree with this conclusion. In his petition, Baker stated that he may have a products liability claim and an intentional tort claim. In support of his claim, as previously recognized, Baker stated that he was injured using the Rapid Pack One machine. However, Baker noted that without the requested discovery, he was unable to ascertain who these claims would be against and, whether both claims existed. Therefore, we note that Baker was not trying to determine whether a cause of action existed, but was instead trying to seek facts

with which to plead a cause of action he already believed existed, as required in *Smith v. Baumgartner*, 6th Dist. Nos. OT-01-018, OT-01-014, 2002-Ohio-232.

{¶18} Therefore, this Court cannot find that the trial court abused its discretion in ordering discovery, despite Cooper Farms' assertions to the contrary. Cooper Farms' assignment of error is overruled.

{¶19} Based on the foregoing, the February 9, 2009 Entry of the Court of Common Pleas, Van Wert County, Ohio granting Baker's Petition for Discovery is affirmed.

*Judgment Affirmed*

**WILLAMOWSKI, J., concurs.**

**/jlr**

**ROGERS, J., Dissenting.**

{¶20} I respectfully dissent from the opinion of the majority. R.C. 2317.48 provides that one may file a petition for discovery prior to filing a complaint, but limits the circumstances under which this may be done. Civ.R. 34(D) provides for the procedures in initiating the petition. However, because the authority for initiating such an action is derived solely from the statute, the petitioner must comply fully with that statute, which provides:

> **When a person claiming to have a cause of action or a defense to an action commenced against him, without the discovery of a**

**fact from the adverse party, is unable to file his complaint or answer, he may bring an action for discovery, setting forth in his complaint in the action for discovery the necessity and the grounds for the action, with any interrogatories relating to the subject matter of the discovery that are necessary to procure the discovery sought. Unless a motion to dismiss the action is filed under Civil Rule 12, the complaint shall be fully and directly answered under oath by the defendant. Upon the final disposition of the action, the costs of the action shall be taxed in the manner the court deems equitable.**

R.C. 2317.48.

**{¶21}** In this case, Appellee failed to make reasonable efforts to obtain the discovery voluntarily, his request for discovery was overbroad, and his petition failed to assert that he had a cause of action (claim) and the grounds for that claim.

**{¶22}** In *Bridgestone/Firestone v. Hankook Tire Mfg. Co.* (1996), 116 Ohio App. 3d 228, the Ninth Appellate District reversed the trial court's denial of a motion to dismiss because the petitioner alleged that it had "reason to believe" that there was a cause of action and found that the petition "failed to aver sufficient facts to reveal a 'potential cause of action' * * *." Id. at 232. Additionally, the court found that:

**The Ohio Supreme Court, in *Poulos v. Parker Sweeper Co.* (1989), 44 Ohio St.3d 124, 541 N.E.2d 1031, considered the application of R.C. 2317.48. The plaintiff in that action claimed to be part owner and developer of a prototype sweeper for use in movie theaters. He averred that the defendant, the other part owner and developer, had refused to recognize his rights in the prototype, "be they patent, contract, or inventor's rights." Id. at 124, 541 N.E.2d at 1032. He filed an action pursuant to R.C. 2317.48 to obtain information that would let him determine "the**

> **status of the product and his possible rights."  Id. at 124, 541 N.E.2d at 1032.  The Supreme Court explained that R.C. 2317.48 "occupies a small niche between an unacceptable 'fishing expedition' and a short and plain statement of a complaint or a defense filed pursuant to the Civil Rules."  Id. at 127, 541 N.E.2d at 1034.  The plaintiff in *Poulos* had averred sufficient facts to reveal a "potential cause of action in contract."  Id. at 128, 541 N.E.2d at 1035.  Accordingly, the Supreme Court concluded that he was entitled to answers to interrogatories "limited and directed toward only those facts necessary to draft a complaint."  Id. at 127, 541 N.E.2d at 1035.**
>
> **In this case, Bridgestone/Firestone failed to aver sufficient facts to reveal a "potential cause of action" against either defendant.  Although it averred that it had "reason to believe" that Hankook had obtained confidential, proprietary information belonging to it and "reason to believe" that Kennedy had disclosed confidential, proprietary trade secret information belonging to it, those averments were not sufficient for purposes of R.C. 2317.48.  In order to fit into the small niche of prefiling discovery allowed by that statute, the complaint would have had to include the underlying facts and circumstances constituting Bridgestone/Firestone's reason to believe.  Further, those underlying facts would have had to reveal that Bridgestone/Firestone had causes of action against Hankook and Kennedy.  Apparently, Bridgestone/Firestone's reasons to believe did not reveal that it had a cause of action against either Hankook or Kennedy because, according to the averments of its complaints, it was not seeking discovery needed to draft a complaint based on a claimed cause of action, but rather was seeking discovery to determine whether it had a cause of action against either under any of three alternative legal theories.**

Id. at 231-232.  See, also, *National City Bank, Northeast v. Amedia* (1997), 118 Ohio App.3d 542 (holding that the complaint for discovery must contain sufficient facts to reveal a potential cause of action).

**{¶23}** Similarly, in this case, Appellee merely alleged that he *may* have a claim for product liability or an intentional tort, and stated no facts as grounds for either *potential* claim.

**{¶24}** Furthermore, I believe that the extent of the discovery requested was far more than that contemplated by the statute, and that one letter requesting grossly overbroad discovery cannot properly be characterized as a reasonable effort to obtain the information necessary to file a complaint.

/jlr