[Cite as *Iannetta v. Amazon, Inc.*, 2023-Ohio-3980.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

NICK IANNETTA,                          :

    Plaintiff-Appellant,        :

                            No. 112553

    v.                          :

AMAZON INC.,                            :

    Defendant-Appellee.         :

                            :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 2, 2023

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-22-967669

---

### *Appearances:*

Nick Iannetta, *pro se*.

Steptoe & Johnson PLLC and Dallas F. Kratzer III, *for appellee*.

MARY EILEEN KILBANE, P.J.:

{¶ 1} Plaintiff-appellant Nick Iannetta ("Iannetta"), pro se, appeals the trial court's order granting defendant-appellee Amazon Inc.'s ("Amazon") motion to dismiss. For the following reasons, we affirm.

**Factual and Procedural History**

{¶ 2}   Iannetta's lawsuit stems from his sale of paperback and eBooks through Authorhouse, a third-party publishing company, who listed and sold the books on Amazon.  Iannetta disputes whether his Authorhouse account accurately reflects the number of books sold on Amazon.  Specifically, Iannetta argues that Amazon's website shows it has more books available for sale than the number of books sold to Amazon through Authorhouse.  Iannetta also argues that Amazon lists him as an Amazon bestseller, which denotes sales of at least 3,000 books, but Iannetta's Authorhouse account reflects the sale of fewer books.  The record does not demonstrate whether Iannetta executed contracts with Authorhouse or Amazon.

{¶ 3}   In or around May 2018, Iannetta initiated arbitration proceedings in Ohio against Authorhouse.  Pursuant to those proceedings, a subpoena was issued, at Iannetta's request, to Amazon in Washington state seeking (1) a record, printout, or report stating the number of copies Amazon sold of Iannetta's book titled "2015 Top Pro Football Prospects Scouting Reports" and (2) a statement, printout, or report that reflected the number of new and used copies of the book that Amazon had for sale.  On June 22, 2018, Amazon filed objections to the subpoena and Iannetta allegedly did not respond to those objections.[1]  Amazon did not provide the information requested in the subpoena.  Iannetta claims that without the requested information from Amazon he was forced to "waive" the arbitration proceedings.

---

[1] The record does not include any documents from Iannetta's 2018 action other than a copy of Amazon's objections to the subpoena.

**{¶ 4}** Approximately four years later, on August 19, 2022, Iannetta filed a complaint in Cuyahoga C.P. No. CV-22-967669 against Amazon titled "pre-suit complaint for discovery." The complaint reads verbatim:

> Amazon denied the arbitration subpoena in Cleveland Municipal Court to obtain sales results for the paperback book and e-book from the first day the book went on sale on amazon, and I was not able to complete the arbitration with Authorhouse and the arbitration was waived. If Amazon intentionally did not notify Authorhouse of all the books sold on amazon or hid book sales from Authorhouse which would have prevented Authorhouse from paying me my royalties, I would expect to be paid compensatory damages, attorney fees, court costs, and punitive damages from amazon. Therefore, I was not able to receive money from amazon through Authorhouse for the books sold on Amazon. I am also entitled to any other monetary relief at law and in equity from Amazon.

> Objective: Is to obtain sales results from amazon for the paperback book and e-book from the first day the book went on sale on amazon.

> The number of used and new paperback books that were up for sale on amazon is more than the number of paperback books recorded sold in the author house account. Amazon indicated that I sold e-books, and this is significant because not one amazon electronic book is recorded sold in my Authorhouse account. Both the e-book version and paperback version are listed as amazon bestsellers on amazon. For the paperback and e-book versions, the minimum number of books sold by an author to qualify as an amazon bestseller is 3,000 books. I expect the number of books sold on amazon to be higher than that since the paperback and e-book versions sales ranks are ranked much higher than that.

> At the time, the paperback sold for $35 and the e-book sold for $20. I never saw any amazon account statement. It sure seems like more books are sold on amazon than the number of books Authorhouse reported sold on amazon.

> I am requesting a one page transaction summary of all books sold on amazon from the first day the book went on sale on Amazon. I was not able to obtain the appropriate sales information from Authorhouse.

> What facts do you know about the case?
>
> How many paperback books did Amazon sell from the first day the book went on sale on Amazon?
> ISBN-10: 1524602639 and 13: 9781524602635
>
> How many e-books did Amazon sell from the first day the book went on sale on Amazon? Former ASIN Number: B01EFU8HVY (Now has a new ASIN number)

Complaint, August 19, 2022. Attached to the complaint are printouts from various book sellers' websites that advertise Iannetta's book for sale and a royalty report from an unknown source that reflects the sale of six copies of Iannetta's book.

{¶ 5} The complaint was served on Amazon in January 2023. On February 2, 2023, Amazon filed a motion to dismiss the complaint pursuant to Civ.R. 12(B)(6). The motion to dismiss was unopposed, and the trial court summarily granted the motion on February 22, 2023.

{¶ 6} On March 24, 2023, Iannetta filed a timely appeal, presenting this assignment of error for our review: "The trial court did [err] granting Amazon's motion to dismiss."

**Legal Analysis**

{¶ 7} Iannetta argues that the trial court erred when it dismissed his discovery lawsuit filed pursuant to R.C. 2317.48 seeking the exact number of his books that Amazon had sold. Amazon disputes that Iannetta filed a discovery complaint merely seeking discovery. Amazon argues that the trial court properly dismissed Iannetta's complaint because (1) Ohio does not recognize an independent

cause of action to enforce or seek damages relating to a subpoena and, (2) alternatively, assuming an independent cause of action to seek damages stemming from a subpoena was available, the action must fail because the subpoena in question was invalid and unenforceable. We find that regardless of whether Iannetta's complaint was meant to initiate a lawsuit or obtain discovery under R.C. 2317.48, the trial court did not err when it granted Amazon's motion to dismiss.

{¶ 8} A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim on which relief can be granted "is procedural and tests the sufficiency of the complaint." *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992), citing *Assn. for Defense of Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117, 537 N.E.2d 1292 (1989). We review a dismissal pursuant to Civ.R. 12(B)(6) de novo. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5.

{¶ 9} In our review of a Civ.R. 12(B)(6) motion to dismiss, we must accept the material allegations of the complaint as true and make all reasonable inferences in favor of the plaintiff. *Jenkins v. Cleveland*, 8th Dist. Cuyahoga No. 104768, 2017-Ohio-1054, ¶ 8, citing *Johnson v. Microsoft Corp.*, 106 Ohio St.3d 278, 2005-Ohio-4985, 834 N.E.2d 791, ¶ 6. For a party to ultimately prevail on the motion, it must appear from the face of the complaint that the plaintiff can prove no set of facts that would justify a trial court granting relief. *Jenkins* at *id.*, citing *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245, 327 N.E.2d 753 (1975).

{¶ 10} The basis of Iannetta's complaint is not readily discernible. Initially, we review the complaint under the most likely premise that Iannetta filed a discovery complaint in accordance with R.C. 2317.48. Although the pleading does not reference the statute, it is titled "pre-suit complaint for discovery" and seeks the answers to three interrogatory questions.

{¶ 11} R.C. 2317.48 allows a party to obtain discovery prior to filing a complaint, and provides:

> When a person claiming to have a cause of action or a defense to an action commenced against him, without the discovery of a fact from the adverse party, is unable to file his complaint or answer, he may bring an action for discovery, setting forth in his complaint in the action for discovery the necessity and the grounds for the action, with any interrogatories relating to the subject matter of the discovery that are necessary to procure the discovery sought. Unless a motion to dismiss the action is filed under Civil Rule 12, the complaint shall be fully and directly answered under oath by the defendant. Upon the final disposition of the action, the costs of the action shall be taxed in the manner the court deems equitable.

{¶ 12} "An action for discovery is to be used only to uncover facts necessary for pleading, not to gather proof to support a claim or to determine whether a cause of action exists." *Huge v. Ford Motor Co.*, 155 Ohio App.3d 730, 2004-Ohio-232, 803 N.E.2d 859, ¶ 10 (8th Dist.), citing *Marsalis v. Wilson*, 149 Ohio App.3d 637, 2002-Ohio-5534, 778 N.E.2d 612 (2d Dist.). "This form of action occupies a small niche between an unacceptable 'fishing expedition' and a short and plain statement of a complaint or a defense filed pursuant to the Civil Rules." *Poulos v. Parker Sweeper Co.*, 44 Ohio St.3d 124, 127, 541 N.E.2d 1031 (1989). In other words, R.C. 2317.48 provides "a 'satisfactory middle course' for litigants who require additional

facts in order to sufficiently file a valid complaint, but who already have enough factual basis for their assertions that the discovery process would not be turned into a 'fishing expedition.'" *Fasteners for Retail v. Peck*, 8th Dist. Cuyahoga No. 70818, 1997 Ohio App. LEXIS 1334, 3 (Apr. 3, 1997), citing *Poulos* at 126. "Broad assertions of potential claims will not suffice; instead, '[i]t must be clear to the court what the underlying claim is about.'" *TILR Corp. v. TalentNow, LLC*, 1st Dist. Hamilton No. C-220323, 2023-Ohio-1345, ¶ 19, quoting *Colegate v. Lohbeck*, 78 Ohio App.3d 727, 730, 605 N.E.2d 1301 (1st Dist.1992).

{¶ 13} Here, Iannetta's discovery complaint asked what facts Amazon knew about the case and how many of Iannetta's books Amazon sold since it first listed his book for sale. Iannetta sought information to determine if he had a cause of action against Amazon rather than requesting information to clarify a specific fact. Iannetta sought information that is exactly what *Poulos* described as a fishing expedition and is not permitted under R.C. 2317.48. Thus, Iannetta did not raise a justiciable cause of action against Amazon and discovery was not permissible per R.C. 2317.48.

{¶ 14} Alternatively, assuming Iannetta filed a complaint to initiate a lawsuit as argued by Amazon, the pleading failed to state a claim upon which relief could be granted. A plain reading of the complaint indicates Iannetta alleged if Amazon failed to notify Authorhouse of the actual number of Iannetta's books it had sold on its website, Amazon owed Iannetta compensatory and punitive damages, attorney fees,

and court costs. It is unclear whether Iannetta's allegations are based upon a contract dispute or a deficiency related to the subpoena.

{¶ 15} To state a claim for breach-of-contract, the plaintiff must allege (1) the existence of a binding contract, (2) the nonbreaching party performed his or her contractual obligations, (3) the other party failed to fulfill its contractual obligations without legal excuse, and (4) the nonbreaching party suffered damages as a result of the breach. *Cynergies Consulting, Inc. v. Wheeler*, 8th Dist. Cuyahoga No. 90225, 2008-Ohio-3362, ¶ 15, citing *All Star Land Title Agency, Inc. v. Surewin Invest., Inc.*, 8th Dist. Cuyahoga No. 87569, 2006-Ohio-5729. Iannetta failed to reference or attach a contract — either with Authorhouse or Amazon — in support of his allegations and did not state that he performed any contractual obligations. Absent such allegations, Iannetta's complaint failed to state a claim for breach of contract upon which relief could be granted. Further, if the complaint sought compliance with Iannetta's previously issued subpoena — as argued by Amazon — Iannetta did not identify such a cause of action or reference a relevant statute, code section, or case law in support of such an allegation.

{¶ 16} Accordingly, Iannetta's complaint did not state a claim upon which relief could be granted and his assignment of error is overruled.

{¶ 17} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, PRESIDING JUDGE

MARY J. BOYLE, J., and
MICHAEL JOHN RYAN, J., CONCUR