[Cite as *In re F.D. Johnson Co.*, 2018-Ohio-4803.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

IN RE:  THE F.D. JOHNSON COMPANY  :  **O P I N I O N**

:

CASE NO. 2018-L-009

Civil Appeal from the Lake County Court of Common Pleas, Case No. 2017 CV 002005.

Judgment:  Reversed and judgment entered for appellant.

*E. Mark Young*, Roetzel & Andress, LPA, 1375 East Ninth Street, One Cleveland Center, 10th Floor, Cleveland, OH  44114 (For Appellee).

*L. Bryan Carr*, Carr, Feneli & Carbone Co., L.P.A., 1392 S.O.M. Center Road, Mayfield Heights, OH  44124 (For Appellant).

THOMAS R. WRIGHT, P.J.

{¶1}    Appellant, JC Mechanical Heating & Cooling, LLC, appeals a decision ordering it to provide discovery regarding potential violations of non-compete agreements to appellee, The F.D. Johnson Company.  Appellant contends that the order is improper because appellee is not attempting to identify potential adverse parties for future litigation. We reverse and enter judgment for appellant.

{¶2}    Appellee is an Ohio company with its principal commercial facility in

Twinsburg, Ohio. For approximately two years, it had a distributorship agreement with Global Finishing Solutions, LLC ("GFS"), a Wisconsin entity. Pursuant to the agreement, appellee built commercial paint booths for GFS clients located in Ohio. Appellee subcontracted some of the work to appellant, an Ohio company with its principal place of business in Willoughby Hills, Ohio.

{¶3} GFS unilaterally terminated the distributorship agreement with appellee in September 2017. Approximately ten months earlier, Robert Williams resigned his position with appellee. One month after termination of the distributorship agreement, David Scacchi resigned his employment with appellee. According to appellee, both Williams and Scacchi are subject to agreements restricting them from soliciting its customers or disclosing information about its business following separation.

{¶4} In October 2017, appellee's president received an email from GFS addressing GFS's business dealings with appellant. The email also says that Scacchi recently contacted GFS on appellant's behalf. In response, appellee's counsel sent letters to Williams and Scacchi reminding them of the terms of the non-compete/non-disclosure agreements. Neither responded.

{¶5} In conjunction with the letters to Williams and Scacchi, appellee's counsel sent a letter to appellant requesting information as to Scacchi's employment status with appellant and any pending business between appellant and GFS. In writing, appellant denied having hired Scacchi, but did not address whether it had agreements with GFS.

{¶6} Since appellant's response was inconsistent with the GFS email, appellee filed a petition for pre-litigation discovery under Civ.R. 34(D). As the basis for its claim, appellee stated that it had good reason to believe that GFS and appellant have entered

2

into a business agreement similar in nature to the distributorship agreement it previously had with GFS. The petition further alleged that there was good reason to believe that one or more of appellee's former employees was either working for, in conjunction with, or for the benefit of appellant. For relief, appellee sought an order requiring appellant to provide all information or documents in its possession relating to Scacchi's or Williams' status as employees or independent contractors for appellant or GFS, communications Scacchi or Williams had with appellant or GFS during their employment with appellee, and communications between appellant and GFS either before or after termination of appellee's distributorship agreement with GFS.

{¶7} Before the petition was served, the trial court rendered judgment in favor of appellee, authorizing it to obtain discovery from appellant as to all categories of documents or communications listed in the petition. Within ten days of service, appellant moved for reconsideration. However, before any further proceedings could be held, appellant instituted this appeal.

{¶8} As its sole assignment, appellant states:

{¶9} "The trial court erred in granting The F.D. Johnson Company's petition for discovery."

{¶10} Rather than addressing appellant's assignment, appellee argues that the appeal should be dismissed as moot because it filed a separate civil action against appellant and Scacchi, stating claims for, inter alia, tortious interference with a business relationship. According to appellee, the trial court's ruling should not be reviewed because the "pre-suit discovery stage" between the parties has concluded.

{¶11} "A case is moot when there is no longer a matter in controversy or the

3

parties have no legally cognizable interest in the outcome." *State v. Schormuller*, 11th Dist. Lake No. 2012-L-124, 2013-Ohio-2043, ¶6. Mootness occurs when the requested relief has already been obtained, the granting of relief would not serve any purpose, or the court no longer has the authority to grant the relief. *State v. Elersic*, 11th Dist. Lake No. 2001-L-130, 2002-Ohio-6696, ¶6, quoting *Wilkins v. Wilkinson*, 10th Dist. Franklin No. 01AP-468, 2002 WL 47051, *4 (Jan. 15, 2002).

{¶12} As part of its separate action against appellant and Scacchi, appellee will obviously be permitted to conduct discovery. Nevertheless, the judgment remains enforceable regardless of the pendency of the subsequent action. Therefore, this appeal is not moot.

{¶13} Appellant asserts the trial court erred in granting appellee's discovery request under Civ.R. 34(D) because appellee was seeking general information to support its subsequent action regarding alleged interference with its ongoing business relationship, not to identify potential defendants.

{¶14} Civ.R. 34(D) sets forth a distinct procedure for obtaining discovery prior to instituting a civil action. The rule provides for the filing of a discovery petition by any person who has a potential cause of action. Division (D)(1) delineates necessary steps before filing the petition, the manner in which the petition shall be captioned, where the petition must be filed, and what information must be stated in the petition. Division (D)(2) governs service of the petition upon those from whom discovery is sought. As to the scope of discovery, division (D)(3) provides:

{¶15} "(3) The court shall issue an order authorizing the petitioner to obtain the requested discovery if the court finds all of the following:

4

{¶16} "(a) The discovery is necessary to ascertain the identity of a potential adverse party;

{¶17} "(b) The petitioner is otherwise unable to bring the contemplated action;

{¶18} "(c) The petitioner made reasonable efforts to obtain voluntarily the information from the person from whom the discovery is sought."

{¶19} R.C. 2317.48 likewise delineates the procedure for bringing a discovery action:

{¶20} "When a person claiming to have a cause of action or a defense to an action commenced against him, without the discovery of a fact from the adverse party, is unable to file his complaint or answer, he may bring an action for discovery, setting forth in his complaint in the action for discovery the necessity and the grounds for the action, with any interrogatories relating to the subject matter of the discovery that are necessary to procure the discovery sought. Unless a motion to dismiss the action is filed under Civil Rule 12, the complaint shall be fully and directly answered under oath by the defendant. Upon the final disposition of the action, the costs of the action shall be taxed in the manner the court deems equitable."

{¶21} In noting the differences between the two discovery procedures, this court has stated:

{¶22} "Reading the plain language of the statute and the civil rule, it is clear there are four important distinctions. First, the statute provides for discovery by use of interrogatories, while the civil rule provides for production of documents. Second, while the statute may be employed if the information is needed for a complaint *or* an answer, the civil rule is limited to use by the party filing a claim. Third, the statute limits the action

5

to discovery of *facts* necessary to *determine a cause of action* or to file an answer. On the other hand, the civil rule limits the action to discovery of *identification of proper parties to include* in a cause of action. And, fourth, the statute limits its application only to the potentially adverse party to the contemplated lawsuit, yet the civil rule allows a party to obtain discovery from a person who may not be named as a defendant in the action." (Emphasis sic). *Rood, M.D. v. FRJ, Ltd.*, 11th Dist. Lake No. 2010-L-077, 2011-Ohio-2712, ¶30.

**{¶23}** In its discovery petition, appellee did not seek to submit interrogations to appellant; instead, it sought copies of documents allegedly in appellant's possession. Hence, appellee proceeded solely under Civ.R. 34(D). As noted in *Rood*, a discovery action under the civil rule is limited to identify potential adverse parties. That a party is aware of some potential defendants does not bar the filing of a discovery action to identifying other potential adverse parties. *Id*. at ¶35.

**{¶24}** Appellee's petition expressly cites David Scacchi and Robert Williams as two former employees potentially working on behalf of appellant to interfere with appellee's business relationship with GFS.

**{¶25}** All of appellee's remaining allegations focus solely on Scacchi and Williams. Furthermore, the petition's prayer for relief is limited to documents and/or communications relating to Scacchi and Williams. Appellee does not allege or state that it is seeking discovery to identify other potential adverse parties.

**{¶26}** Because appellee sought general discovery, rather than information pertaining to the identity of a potential adverse party, its petition was improper and should not have been granted. Appellant's sole assignment has merit.

6

{¶27} The judgment of the Lake County Court of Common Pleas is reversed, and judgment is hereby entered in favor of appellant on the Civ.R. 34(D) petition.


CYNTHIA WESTCOTT RICE, J., concurs,

DIANE V. GRENDELL, J., concurs in judgment only.