Judgment reversed<br>and cause remanded.

JAMES J. SWEENEY, P.J., and SEAN C. GALLAGHER, J. concur.

---

HUGE, Appellant,

v.

FORD MOTOR COMPANY et al., Appellees.

[Cite as Huge v. Ford Motor Co., 155 Ohio App.3d 730, 2004-Ohio-232.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 83105.

Decided Jan. 22, 2004.

Howard V. Mishler, for appellant.

Baker & Hostetler, L.L.P., Ellen J. Garling and William R. Post, for appellees.

FRANK D. CELEBREZZE, JR., Judge.

{¶ 1} Appellant, J. Kathleen Huge, appeals from the judgment of the Cuyahoga County Court of Common Pleas, General Division, dismissing her petition for discovery pursuant to R.C. 2317.48. After reviewing the record and the arguments of the parties, we affirm the judgment of the trial court for the reasons set forth below.

{¶ 2} Appellant is employed in the engineering department of appellee Ford Motor Company's Lorain Assembly Plant. On or about September 7, 2000, appellant reported to her superiors that she suffered from a learning disability and requested an accommodation in the form of "time, patience and understanding." In 2000, appellant received a satisfactory performance evaluation from her immediate supervisor. In 2001, however, she received a less than satisfactory assessment, which appears to have led to her current difficulties.

{¶ 3} As a result of her claims of disability, appellant was sent by the appellee to several specialists in an attempt to document her problem. The Ford Plant physician referred her to the Cleveland Clinic on October 31, 2000. Appellant was not diagnosed with a disability at either examination; however, she continued

under the care of her treating physicians. Eventually, appellant requested medical leave, on which status she remains today. Several conflicting medical reports exist as to whether appellant is currently fit to return to her duties as an engineer.

{¶ 4} Appellant now alleges that her unsatisfactory employment evaluation is a direct result of the complaints she lodged regarding her supervisor, Steve Willemin, as well as for legal action taken on her behalf in federal district court and with the Equal Employment Opportunities Commission ("EEOC").[1] Consequently, she filed a complaint for discovery, pursuant to R.C. 2317.48, which is the subject of the instant appeal. The trial court granted appellee's motion to dismiss because of appellant's failure to comply with Civ.R. 34(D).

{¶ 5} Appellant presents three assignments of error for our review:

"I. The trial court erred in granting defendant/appellee Ford Motor Company's motion to dismiss the plaintiff's petition for discovery under Ohio Revised Code 2317.48 for not complying with Ohio Civil Rule 34(D) as it did not take into consideration the historical relationships between the plaintiff/appellant J. Kathleen Huge and defendant/appellee Ford Motor Company through various legal forums."

"II. The trial court erred in abusing its discretion in granting the motion to dismiss because petition for discovery under R.C. 2317.48 presupposes that there is a fact that can be ascertained through interrogatories which will allow the plaintiff/appellant to frame a complaint."

"III. The trial court erred in granting defendant/appellee Ford Motor Company's motion to dismiss for non-compliance with Ohio Civil Rule 34(D); however, it did not take into consideration that prior litigation had ensued [sic] and that the issue of a second fitness for duty test was an independent issue from the prior litigation."

{¶ 6} Appellant's assignments of error address the issue of whether the trial court abused its discretion in granting the appellee's motion to dismiss appellant's complaint for discovery for failure to comply with Civ.R. 34(D); therefore, they will be discussed together.

{¶ 7} The grant or denial of a motion to dismiss is within the discretion of the trial court. To constitute an abuse of discretion, the ruling in question must be more than legal error; it must be unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140.

---

1. Appellant filed an action for declaratory judgment seeking a determination of disability under the Americans with Disabilities Act of 1990. The action was dismissed without prejudice because appellant had not exhausted the EEOC administrative process and obtained a "right to sue" letter.

" 'The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations.' " *State v. Jenkins* (1984), 15 Ohio St.3d 164, 222, 15 OBR 311, 473 N.E.2d 264, quoting *Spalding v. Spalding* (1959), 355 Mich. 382, 384–385, 94 N.W.2d 810. In order to have an abuse of that choice, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias. *Nakoff v. Fairview Gen. Hosp.* (1996), 75 Ohio St.3d 254, 662 N.E.2d 1.

{¶ 8} Complaints for discovery are governed by R.C. 2317.48 and Civ.R. 34(D). R.C. 2317.48 states:

{¶ 9} "When a person claiming to have a cause of action or a defense to an action commenced against him, without the discovery of a fact from the adverse party, is unable to file his complaint or answer, he may bring an action for discovery, setting forth in his complaint in the action for discovery the necessity and the grounds for the action, with any interrogatories relating to the subject matter of the discovery that are necessary to procure the discovery sought. Unless a motion to dismiss the action is filed under Civil Rule 12, the complaint shall be fully and directly answered under oath by the defendant. Upon the final disposition of the action, the costs of the action shall be taxed in the manner the court deems equitable."

{¶ 10} An action for discovery is to be used only to uncover facts necessary for pleading, not to gather proof to support a claim or to determine whether a cause of action exists. *Marsalis v. Wilson*, 149 Ohio App.3d 637, 2002-Ohio-5534, 778 N.E.2d 612. R.C. 2317.48 "occupies a small niche between an unacceptable 'fishing expedition' and a short and plain statement of a complaint or defense filed pursuant to the Civil Rules." *Poulos v. Parker Sweeper Co.* (1989), 44 Ohio St.3d 124, 127, 541 N.E.2d 1031. In other words, R.C. 2317.48 "provide[s] a 'satisfactory middle course' for litigants who require additional facts in order to sufficiently file a valid complaint, but who already have enough factual basis for their assertions that the discovery process would not be turned into a 'fishing expedition.' " *Fasteners for Retail v. Peck* (Apr. 3, 1997), Cuyahoga App. No. 70818, at 3, 1997 WL 156707, citing *Poulos*, 44 Ohio St.3d at 126, 541 N.E.2d 1031.

{¶ 11} Appellant's complaint for discovery contains the following allegation: "Plaintiff says she has a potential cause of action against Defendant(s) under Ohio Revised Code 4112.02 and/or Ohio Revised Code 4123.215 [2] and/or in

---

**2.** R.C. Chapter 4123 deals with workers' compensation; however, the specific section cited by appellant, R.C. 4123.215, does not exist within the code. Therefore, we are unable to

traditional tort and/or contract, all of which need fine tuning to allow the proper framing of Plaintiff's complaint so as to make the proper selection of chose(s) of action * * * [sic]." Appellant fails to identify what these causes of action may be, nor does she identify which facts sought in the discovery action will support these causes of action. This type of assertion is exactly what *Poulos* seeks to disallow. The appellant obviously cannot determine whether she has a cause of action without the information sought by the discovery action. In fact, the interrogatories that appellant sought to propound upon the appellee in the discovery action were not directed to uncover new facts, but instead often requested information that the appellant herself already possessed.

{¶ 12} Further, Civ.R. 34(D) governs the prefiling discovery process. *Fraiberg v. Cuyahoga Cty. Court of Common Pleas* (1996), 76 Ohio St.3d 374, 376, 667 N.E.2d 1189; *Bachus v. Loral Corp.* (1993), 67 Ohio St.3d 300, 617 N.E.2d 1095. "Civ.R. 34(D) was promulgated in 1994 specifically in response to the Ohio Supreme Court's interpretation of R.C. 2317.48 in [*Poulos v. Parker Sweeper Co.*]." *Benner v. Walker Ambulance Co.* (1997), 118 Ohio App.3d 341, 343, 692 N.E.2d 1053. Thus, R.C. 2317.48 and Civ.R. 34(D) work in tandem to govern discovery actions like the one filed by the appellant in the instant case.

{¶ 13} Civ.R. 34(D) sets forth the requirements that must be met in order for a litigant to prevail in an action for discovery:

{¶ 14} "* * *(D) Prior to filing of action.

{¶ 15} "(1) Subject to the scope of discovery provisions of Civ.R. 26(B) and 45(F), a person who claims to have a potential cause of action may file a petition to obtain discovery as provided in this rule. Prior to filing a petition for discovery, the person seeking discovery shall make reasonable efforts to obtain voluntarily the information from the person from whom the discovery is sought. The petition shall be captioned in the name of the person seeking discovery and be filed in the court of common pleas in the county in which the person from whom the discovery is sought resides, the person's principal place of business is located, or the potential action may be filed. The petition shall include all of the following:

{¶ 16} "(a) A statement of the subject matter of the petitioner's potential cause of action and the petitioner's interest in the potential cause of action;

{¶ 17} "(b) A statement of the efforts made by the petitioner to obtain voluntarily the information from the person from whom the discovery is sought;

---

ascertain whether appellant would have a cause of action under workers' compensation statutes.

{¶ 18} "(c) A statement or description of the information sought to be discovered with reasonable particularity;

{¶ 19} "(d) The names and addresses, if known, of any person the petitioner expects will be an adverse party in the potential action;

{¶ 20} "(e) A request that the court issue an order authorizing the petitioner to obtain the discovery.

{¶ 21} "(2) The petition shall be served upon the person from whom discovery is sought and, if known, any person the petitioner expects will be an adverse party in the potential action, by one of the methods provided in these rules for service of summons.

{¶ 22} "(3) The court shall issue an order authorizing the petitioner to obtain the requested discovery if the court finds all of the following:

{¶ 23} "(a) The discovery is necessary to ascertain the identity of a potential adverse party;

{¶ 24} "(b) The petitioner is otherwise unable to bring the contemplated action;

{¶ 25} "(c) The petitioner made reasonable efforts to obtain voluntarily the information from the person from whom the discovery is sought."

{¶ 26} In the instant case, the trial court found that the appellant failed to comply with Civ.R. 34(D) prior to the filing of the complaint for discovery. Upon our review of the record, we find that the trial court did not abuse its discretion in making this ruling because there is no evidence that the appellant attempted to comply with Civ.R. 34.

{¶ 27} The information required by Civ.R. 34 is nowhere to be found in appellant's complaint for discovery, and there is no indication from the record presented that appellant attempted to obtain voluntarily the information she alleges she needs. To the contrary, appellant erroneously argues that discovery actions are not governed by the Civil Rules and makes no explanation of her failure to comply with its mandates. The trial court is not required to take into account the "historical fact pattern" between appellant and her employer, nor is it required by the controlling statute and rule to delve into facts brought out by prior litigation between the two when ruling on the motion to dismiss. Therefore, we find no merit in any of appellant's assignments of error and hereby affirm the judgment of the trial court.

{¶ 28} The judgment is affirmed.

Judgment affirmed.

ANNE L. KILBANE, P.J., and TIMOTHY E. MCMONAGLE, J., concur.