[Cite as *Fry v. Cincinnati*, 2022-Ohio-1248.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

|  |  |  |
|---|---|---|
| CILETA FRY, | : | APPEAL NO. C-210482<br>TRIAL NO. A-2101069 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| CITY OF CINCINNATI, | : | |
| and | : | |
| JOHN DOE EMPLOYEES 1-10, | : | |
| Defendants-Appellants, | : | |
| and | : | |
| OHIO DEPARTMENT OF MEDICAID,<br>et al., | : | |
| Defendants. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: April 15, 2022

*Jones Kahan Law, LLC,* and *Joel Buckley*, for Plaintiff-Appellee,

*Andrew W. Garth*, City Solicitor, *Scott M. Heenan* and *Katherine C. Baron*, Assistant City Solicitors, for Defendants-Appellants.

**MYERS, Presiding Judge.**

{¶1} Plaintiff-appellee Cileta[1] Fry was injured when the car she was driving on Colerain Avenue was struck by a tree that fell from an adjacent city park property. She sued defendants-appellants the city of Cincinnati and John Doe city employees ("the city"), alleging that she was injured as a result of the city's negligent failure to maintain trees on its property. The city moved to dismiss Fry's complaint pursuant to Civ.R. 12(B)(6), asserting, among other things, that the city was immune from liability under R.C. Chapter 2744, the Political Subdivision Tort Liability Act. The trial court denied the motion, and the city now appeals.

{¶2} In a single assignment of error, the city challenges the trial court's denial of its Civ.R. 12(B)(6) motion to dismiss, arguing that it was entitled to immunity under R.C. Chapter 2744. We review a trial court's ruling on a Civ.R. 12(B)(6) motion to dismiss de novo. *Thomas v. Othman*, 2017-Ohio-8449, 99 N.E.3d 1189, ¶ 19 (1st Dist.).

{¶3} A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief may be granted tests the sufficiency of a complaint. *Id.* at ¶ 18. When deciding the motion, the trial court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Id.* The court should not dismiss a complaint pursuant to Civ.R. 12(B)(6) "unless it appears beyond doubt from the complaint that the plaintiff can prove no set of facts entitling [her] to recovery." *Id.* at ¶ 19.

{¶4} Courts utilize a three-tiered analysis to determine whether a political subdivision is immune from liability. *Holimon v. Sharma*, 2021-Ohio-3840, 180 N.E.3d 1226, ¶ 10 (1st Dist.). First, R.C. 2744.02(A)(1) sets forth a general grant of immunity for civil actions resulting from any act or omission of a political subdivision

---

[1] Plaintiff-appellee's first name appears in the complaint and the city's notice of appeal as "Cileta," but in other portions of the record as "Celita."

or its employee in connection with a governmental or proprietary function. Second, R.C. 2744.02(B) sets forth various exceptions that, if applicable, remove the initial grant of immunity accorded to a political subdivision. And third, immunity may be reinstated if any of the defenses in R.C. 2744.03 apply.

{¶5} In this case, there is no dispute that the city is a political subdivision entitled to a general grant of immunity pursuant to R.C. 2744.02(A)(1). However, the parties disagree as to whether an exception to the general grant of immunity applies. Fry argues that her claims fall within the physical-defect exception to immunity set forth in R.C. 2744.02(B)(4). The trial court agreed with her and denied the city's motion to dismiss.

{¶6} The physical-defect exception in R.C. 2744.02(B)(4) provides that political subdivisions are liable for:

> injury, death, or loss to person or property that is caused by the
> negligence of their employees and that occurs within or on the grounds
> of, and is due to physical defects within or on the grounds of, buildings
> that are used in connection with the performance of a governmental
> function, including, but not limited to, office buildings and courthouses,
> but not including jails, places of juvenile detention, workhouses, or any
> other detention facility[.]

This court has held that to establish the R.C. 2744.02(B)(4) physical-defect exception, a plaintiff must allege that the injury (1) resulted from employee negligence; (2) occurred within or on the grounds of buildings used in connection with a governmental function; and (3) resulted from physical defects within or on the grounds of buildings used in connection with a governmental function. *R.K. v. Little Miami Golf Ctr.*, 2013-Ohio-4939, 1 N.E.3d 833, ¶ 15 (1st Dist.). Each of these three circumstances must be present for the physical-defect exception to apply. *See Plush*

3

*v. Cincinnati*, 2020-Ohio-6713, 164 N.E.3d 1056, ¶ 29 (1st Dist.); *O'Brien v. Great Parks of Hamilton Cty.*, 1st Dist. Hamilton No. C-190697, 2020-Ohio-6949, ¶ 13.

{¶7} The city concedes that, accepting the allegations in the complaint as true, Fry arguably met the first and third requirements of the R.C. 2744.02(B)(4) physical-defect exception. As to the first, Fry alleged that the tree fell as a result of employee negligence. As to the third, this court has held that when viewing allegations in a complaint in the light most favorable to the plaintiff, "an unmaintained tree limb might be a physical defect." *R.K.* at ¶ 20.

{¶8} The city argues that Fry's allegations failed to meet the second requirement of the physical-defect exception because she did not allege that her injury occurred within or on the grounds of buildings that are used in connection with the performance of a governmental function. Fry counters that the location where her injury occurred is irrelevant. She points to the Ohio Jury Instructions ("OJI") related to the R.C. 2744.02(B)(4) physical-defect exception, which contain no language pertaining to the exception's second requirement:

> 1. GENERAL. The defendant (*identify the governmental unit*) is a political subdivision of the State of Ohio. It is liable if its employee(s) cause(s) (injury) (death) (damage) by failing to exercise reasonable care within or on the grounds of a building that is used in connection with the performance of a governmental function (including [an office building] [a courthouse]) (but not including a [jail] [place of juvenile detention] [workhouse] [detention facility as defined by R.C. 2921.01]).

1 *Ohio Jury Instructions*, CV Section 425.07.

{¶9} However, "OJI are nonbinding guidance that have no force or effect as a rule of law." *State v. Rhymer*, 1st Dist. Hamilton No. C-200164, 2021-Ohio-2908, ¶ 17. This court and others have routinely held that the R.C. 2744.02(B)(4) physical-defect exception to immunity "does not apply unless the alleged injury occurs at a

specified location: within or on the grounds of a building used in a governmental function." *O'Brien*, 1st Dist. Hamilton No. C-190697, 2020-Ohio-6949, at ¶ 14; *Fried v. Friends of Breakthrough Schools*, 8th Dist. Cuyahoga No. 108766, 2020-Ohio-4215, ¶ 54; *Bender v. Portsmouth*, 4th Dist. Scioto No. 12CA3491, 2013-Ohio-2023, ¶ 13; *Keller v. Foster Wheel Energy Corp.*, 163 Ohio App.3d 325, 2005-Ohio-4821, 837 N.E.2d 859, ¶ 14 (10th Dist.). The physical-defect exception in R.C. 2744.02(B)(4) "reflects a legislative intent to restrict a political subdivision's liability to losses or injuries that occur in government buildings or on their grounds." *Dornal v. Cincinnati Metro. Hous. Auth.*, 1st Dist. Hamilton No. C-100172, 2010-Ohio-6236, ¶ 14.

{¶10} In holding that the R.C. 2744.02(B)(4) physical-defect exception applied to defeat the city's immunity, the trial court ignored the second requirement of the exception and concluded that it was enough that Fry's allegations met the exception's first and third requirements: negligence by a city employee and a physical defect occurring on city property. However, Fry specifically alleged that she was not on the city park property—she was driving down Colerain Avenue. Because Fry did not allege that her injury occurred within or on the grounds of a building used in connection with a governmental function, sufficient to establish the second requirement of the physical-defect exception, the exception did not apply to remove the city's general grant of immunity. *See id.* at ¶ 14-15 (trial court properly granted Civ.R. 12(B)(6) motion to dismiss by housing authority where injury occurred in a home owned by a private landlord); *Holimon*, 2021-Ohio-3840, 180 N.E.3d 1226, at ¶ 16 (the physical-defect exception in R.C. 2744.02(B)(4) was inapplicable where plaintiff's injury occurred in a privately owned home).

{¶11} Because Fry cannot establish the second requirement, the immunity exception in R.C. 2744.02(B)(4) does not apply. *See Plush*, 2020-Ohio-6713, 164 N.E.3d 1056, at ¶ 32. Therefore, taking the allegations in Fry's complaint as true, we hold that the city was entitled to immunity. Fry's complaint failed to state a claim

upon which relief could be granted against the city, and the trial court erred in denying the city's motion to dismiss.

**{¶12}** Consequently, we sustain the assignment of error. We reverse the trial court's judgment and remand this matter for the court to enter an order of dismissal as to the city.

*Judgment reversed and cause remanded.*

CROUSE, J., concurs.
BERGERON, J., concurs separately.

BERGERON, J., concurring separately.

**{¶13}** I concur in the majority's opinion because it correctly applies the law to the facts at hand. I write separately, however, to comment on the injustice the immunity statute works on Ms. Fry in this case. Of course, all immunity provisions negatively impact the person injured by the municipality's actions, but the legislature has deemed that a necessary trade-off, and that is its prerogative.

**{¶14}** The line-drawing executed by the legislature here (as it pertains to people situated as Ms. Fry), however, offends basic sensibilities, and that's why I think (as a policy matter) the OJI instruction should be correct. Consider the following scenario: a building owned and managed by the city has fallen into disrepair based on the city's negligence. Part of the building collapses, and three people are injured—a person working in the building, a person sitting just outside the building (but on the city's property), and a person walking down the street (just inches outside the city's property line).

**{¶15}** Based on how the statute works, immunity would not apply to the first two people (because they were within or on the grounds of the building) but immunity would apply to the third—whose misfortune of being injured is compounded by the misfortune of straying inches outside of city property at the time of the accident.

6

{¶16} That's exactly the situation that Ms. Fry finds herself in. Had she been maybe a couple of feet over at the time of the injury, her case would move forward.

{¶17} The legislature, of course, must draw lines, and sometimes those are difficult and may not make the most sense to us in hindsight. However, if the legislature has determined that people situated similarly to the first two people in my hypothetical above can recover, it stands to reason that the same policy rationale should protect the third. Nor would exempting that third person from immunity strain municipal budgets—the likelihood of someone suffering injury outside city property from negligence occurring on city property seems pretty remote. But as Ms. Fry's case unfortunately demonstrates, such occurrences do happen.

{¶18} The legislature would be wise to follow OJI's lead and protect people in Ms. Fry's situation.

Please note:

The court has recorded its own entry this date.