[Cite as *Tilr Corp. v. TalentNow, L.L.C.*, 2023-Ohio-1345.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| TILR CORPORATION, | : | APPEAL NO. C-220323 |
| | | TRIAL NOS. A-2102584 |
| Plaintiff-Appellee, | : | A-2103170 |
| vs. | : | |
| TALENTNOW, LLC, | : | *O P I N I O N.* |
| and | : | |
| VORA VENTURES, LLC, | : | |
| Defendants-Appellants, | : | |
| and | : | |
| SUMMER M. CRENSHAW, | : | |
| Defendant. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal: April 26, 2023

*Baker & Hostetler, LLP, M. Scott McIntyre* and *Sean P. Ryan*, for Plaintiff-Appellee,

*Vorys, Sater, Seymour and Pease, LLP, David F. Hine* and *Jordan T. Steiner*, for Defendants-Appellants TalentNow, LLC, and Vora Ventures, LLC.

**Bock, Judge.**

{¶1} Defendants-appellants TalentNow, LLC, and Vora Ventures, LLC, (collectively "Talent & Vora") challenge three trial court orders in plaintiff-appellee Tilr Corporation's presuit discovery action. For the following reasons, we affirm the denial of Talent & Vora's motion to dismiss, reverse the order compelling discovery and awarding reasonable expenses, and remand the case for further proceedings.

## I. Facts and Procedure

{¶2} Tilr is an algorithm-based talent acquisition company. In 2020, Summer M. Crenshaw left her position as Tilr's chief operating officer to work as TalentNow's chief executive officer. After investigating its own servers, Tilr allegedly discovered that Crenshaw had emailed roughly 19 gigabytes of data from her work computer to her personal email, without permission from Tilr. As a result, Tilr filed actions for presuit discovery under Civ.R. 34(D)(1) and R.C. 2317.48 against Talent & Vora and Crenshaw. Tilr based its requests for presuit discovery on Crenshaw's alleged actions, asserting that she sent these emails to "unjustly benefit herself and others to the detriment of" Tilr. Eventually, the cases were consolidated.

{¶3} Under Civ.R. 34(D), Tilr submitted the following requests for production of documents ("RFP"):

1. "Produce any agreements entered into between TalentNow, Vora Ventures, LLC, and/or any related entity and Ms. Crenshaw."

2. "Produce any communications between Ms. Crenshaw and TalentNow, Vora Ventures, LLC, and/or any related entity or individual acting on behalf of these corporate entities while she was employed by Plaintiff Tilr."

3. "Produce any non-privileged emails or text messages from

2

TalentNow, Vora Ventures, LLC, and/or any related entity or individual has sent that concerns Ms. Crenshaw leaving Plaintiff Tilr."

4. "Produce all personnel documents of Ms. Crenshaw, including but not limited to documents setting forth the nature of her employment with TalentNow and/or Vora Ventures, LLC."

5. "Consent to a forensic inspection of Ms. Crenshaw's electronic devices in the possession or control of TalentNow, Vora Ventures, LLC, and/or any related entity."

{¶4} Under R.C. 2317.48, Tilr submitted the following interrogatories:

1. "Please list all customers and vendors Ms. Crenshaw worked with or attempted to work with and/or solicited in 2020 to the present."

2. "Please state Ms. Crenshaw's day to day business activities with TalentNow, Vora Ventures, LLC, and/or any related entity including the identity of all customers and vendors Ms. Crenshaw has worked with and sought to work with at TalentNow, Vora Ventures, LLC, and/or any related entity."

3. "Please list all communications Ms. Crenshaw has had with Cremalab, LLC or 'Crema' including the dates of all communications, whom those communications were with, and the substance of each communication."

4. "Please list any and all communications Ms. Crenshaw had with any representative of TalentNow, Vora Ventures, LLC or any related entity while she maintained employment with Plaintiff, including the

3

dates of all communications, with whom those communications were with, and the substance of each communication."

5. "Please state in detail the type of business TalentNow conducted prior to hiring Ms. Crenshaw."

6. "Identify with specificity any and all efforts to verify Ms. Crenshaw's employment with Tilr, including but not limited to all reference checks."

{¶5} Talent & Vora moved to dismiss the petitions. Following a hearing, the trial court denied the motion to dismiss, finding the fact that Crenshaw "allegedly emailed herself confidential data and trade secrets from her work computer to her personal computer, after she had already accepted a position at a competitor" was sufficient to support a discovery action under R.C. 2317.48. In addition, the trial court ruled that Tilr's interrogatories under Civ.R. 34(D) were proper, relying on our opinion in *Wheeler v. Girvin*, 1st Dist. Hamilton No. C-980302, 1999 Ohio App. LEXIS 1568 (Apr. 9, 1999) to explain that the rule "permits the discovery of facts necessary to determine if a person has a valid cause of action against a known party." Crenshaw moved, unsuccessfully, to dismiss the petition and later complied with Tilr's requests.

{¶6} Months later, Talent & Vora moved for a protective order to excuse them from responding to Tilr's RFPs and interrogatories. Tilr opposed the motion, moved to compel discovery, and requested sanctions. Beginning with the motion to compel, the trial court found that the discovery sought by Tilr "related to ascertaining the identity of a potentially adverse party and to determine if it has a valid claim against a known adverse party." Turning to the protective order, the trial court found that Talent & Vora failed to make reasonable efforts to resolve the discovery matters as required by Civ.R. 26(C), and that Talent & Vora made "no reasonable efforts to meet in good

4

faith and confer with [Tilr] to resolve this discovery dispute." The trial court ruled that Tilr's interrogatories and RFPs were within the scope permitted by Civ.R. 34(D) and R.C. 2317.48. Finally, the court awarded Tilr attorneys fees under Civ.R. 37(A)(5)(a), finding that Talent & Vora lacked a substantial justification to move for a protective order and oppose Tilr's motion to compel because Talent & Vora sought to relitigate arguments previously addressed in the court's denial of their motion to dismiss.

## II.  Law and Analysis

{¶7}    Talent & Vora appeal and raise three assignments of error. In their first assignment of error, they argue that the trial court erred when it denied their motion to dismiss. In their second assignment of error, they contest the trial court's denial of their motion for a protective order and grant of Tilr's motion to compel. Finally, their third assignment of error challenges the trial court's award of attorney fees to Tilr.

### Motion to Dismiss

{¶8}    Talent & Vora's first assignment of error challenges the trial court's denial of their motion to dismiss Tilr's petition for presuit discovery. The parties dispute the appropriate standard of review and whether Tilr's petition satisfied the pleading requirements set forth in Civ.R. 34(D)(1) and R.C. 2317.48.

### Standard of review

{¶9}    Talent & Vora argue that we review the trial court's decision de novo, just as we would any other ruling on a Civ.R. 12(B)(6) motion. *See Cruz v. Kettering Health Network,* 2d Dist. Montgomery No. 24465, 2012-Ohio-24, ¶ 22. Tilr disagrees and cites *Huge v. Ford Motor Co.*, 155 Ohio App.3d 730, 2004-Ohio-232, 803 N.E.2d 859, ¶ 27 (8th Dist.), *Baker v. Cooper Farms Cooked Meats*, 3d Dist. Van Wert No. 15-09-03, 2009-Ohio-3320, *Rood v. FRJ, Ltd.*, 11th Dist. Lake No. 2010-L-077, 2011-Ohio-2712, ¶ 35, *Bay Emm Vay Store, Inc. v. BMW Fin. Servs. NA, L.L.C.,* 2018-Ohio-

2736, 116 N.E.3d 858, ¶ 11 (10th Dist.), and our opinion in *Wheeler v. Girvin,* to argue that we should review the denial of Talent & Vora's motion to dismiss for an abuse of discretion.

{¶10} But while many of these cases cite an abuse-of-discretion standard, a closer reading of these cases reveals that the appellate courts were, in essence, testing the sufficiency of the pleadings. *See Baker* at ¶ 17 (rejecting the notion that the petition lacked "sufficient underlying facts"); *see also Huge* at ¶ 27 ("The information required by Civ.R. 34 is nowhere to be found in appellant's complaint for discovery"); *Rood* at ¶ 32 ("This court must therefore determine whether appellee met the criteria to obtain pre-filing production of documents"). And significantly, *Bay Emm* concerned an appeal from the trial court's denial of Bay Emm's presuit petition—not an order granting or denying a motion to dismiss. *Bay Emm* at ¶ 1. Finally, in *Wheeler* we reviewed the petition and found that dismissal was improper because "Wheeler set forth sufficient facts to show he had causes of action for malicious prosecution and civil conspiracy." *Wheeler* at 8.

{¶11} It is well established that a Civ.R. 12(B)(6) motion challenges the sufficiency of a pleading. *See Fry v. City of Cincinnati*, 1st Dist. Hamilton No. C-210482, 2022-Ohio-1248, ¶ 3; *see also Bright Future Partners, Inc. v. P&G Distrib., LLC,* 1st Dist. Hamilton No. C-160589, 2017-Ohio-4145, ¶ 9. In essence, Talent & Vora's motion to dismiss argued that Tilr "failed to plead operative grounds creating the claim" for presuit discovery. *See Marsalis v. Wilson*, 149 Ohio App.3d 637, 2002-Ohio-5534, 778 N.E.2d 612, ¶ 2 (2d Dist.); *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 532 N.E.2d 753 (1988). And "the question of whether the plaintiff has met the requirements for an Action for Discovery is a question of law" that we review de novo. *Sizemore v. ESIS, Inc.,* 9th Dist. Medina No. 11CA0107-M, 2012-Ohio-4004, ¶ 8.

6

{¶12} As we held in *Wheeler,* "once the plaintiff has passed the Civ.R. 12(B)(6) hurdle, discovery should proceed according to the civil rules, and the trial court enjoys broad discretion to decide if matters are privileged or are otherwise proper subjects for discovery." *Wheeler,* 1st Dist. Hamilton No. C-980302, 1999 Ohio App. LEXIS 1568 at 12. In sum, we review the trial court's denial of Talent & Vora's Civ.R. 12(B)(6) motion de novo. *See Fry* at ¶ 2. A court may grant a motion to dismiss a pleading for failing to state a claim only after accepting the factual allegations in the pleading as true, drawing all reasonable inferences in favor of the nonmoving party, and finding that " 'it appears beyond doubt from the [pleading] that the plaintiff can prove no set of facts entitling [it] to recovery.' " *Id.*, quoting *Thomas v. Othman*, 2017-Ohio-8449, 99 N.E.3d 1189, ¶ 19 (1st Dist.).

<u>Tilr alleged sufficient facts to sustain its action under Civ.R. 34(D)</u>

{¶13} We begin with Civ.R. 34(D), which provides that "a person who claims to have a potential cause of action may file a petition to obtain discovery." Civ.R. 34(D)(1). The rule is designed "to avoid needlessly joining as defendants non-liable parties who may have valuable information." *Cruz*, 2d Dist. Montgomery No. 24465, 2012-Ohio-24, at ¶ 30. The parties agree that a petition must satisfy Civ.R. 34(D)(3)'s pleading requirements before a court may issue an order for the production of documents. Relevant here, a petitioner must allege that 1.) the documents are "necessary to ascertain the identity of a potential adverse party," 2.) the petitioner would be unable to file a subsequent action without the production of documents, and 3.) the petitioner made reasonable efforts to obtain the information. Civ.R. 34(D)(3)(a)-(c).

{¶14} We note that the trial court relied on our opinion in *Wheeler* to explain that Civ.R. 34(D) permits the discovery of facts necessary to determine if a person has

7

a valid cause of action against a known party. On appeal, the parties dispute the import of *Wheeler*. For its part, Tilr agrees with the trial court. But our opinion in *Wheeler* concerned the sufficiency and scope of Wheeler's pleadings and interrogatories under R.C. 2317.48. *See Wheeler*, 1st Dist. Hamilton No. C-980302, 1999 Ohio App. LEXIS 1568, at 2. In a tersely-worded paragraph, we recounted the promulgation of Civ.R. 34(D) following the Ohio Supreme Court's interpretation of R.C. 2317.48 in *Poulos v. Parker Sweeper Co.,* 44 Ohio St.3d 124, 541 N.E.2d 1031 (1989). Considering the issue at a high level of generality, we recognized that "[t]o some extent, the rule expands the concept of pre-suit discovery." *Wheeler* at 2. Significantly, *Wheeler* did not even profess to interpret the language of Civ.R. 34(D). We simply found it unnecessary to resolve any hypothetical conflict between the statute and the rule, explaining that "we need not resolve that issue" as "Wheeler set forth sufficient facts to show he had causes of action for malicious prosecution and conspiracy" and satisfied the pleading requirements under R.C. 2317.48. *Id.* at 8.

{¶15} The facts alleged in Tilr's petition, which we must accept as true, are that Crenshaw accessed and transmitted 19 gigabytes of Tilr's "most sensitive data" from Tilr to her personal computer, and took the laptop issued to her by Tilr. Crenshaw's suspected misappropriation of that data coincided with the start of her position at TalentNow. Further, Tilr alleged that Crenshaw's actions were taken in coordination with others. Among other documents, Tilr requested 1.) agreements between Crenshaw, Talent & Vora, "and/or any related entity"; 2.) communications between Crenshaw, Talent & Vora, "and/or any related entity" during Crenshaw's time as a Tilr employee; 3.) emails or text messages from Talent & Vora "and/or any related entity or individual" to Crenshaw about her departure from Tilr; and 4.) consent to perform

a forensic inspection of Crenshaw's devices in the possession of Talent & Vora "and/or any related entity."

{¶16} Talent & Vora emphasize the fact that Tilr knew the identity of adverse parties to argue that Tilr's presuit document request must fail. But this impermissibly narrows the scope of Civ.R. 34. To be sure, presuit document requests must assist in the identification of a potential adverse party. *See* Civ.R. 34(D)(3)(a). But the existence of a known adverse party is not fatal to a party attempting to ascertain *additional* potential adverse parties. *See In re F.D. Johnson Co.,* 11th Dist. Lake No. 2018-L-009, 2018-Ohio-4803, ¶ 23 ("That a party is aware of some potential defendants does not bar the filing of a discovery action to identifying other potential adverse parties."). Courts have rejected such a narrow interpretation of Civ.R. 34(D)(3)(a), adopting a more reasonable interpretation of the rule, "that prelitigation discovery must be necessary to ascertain the identity of an adverse party, regardless of how many known adverse parties exist." *Cruz,* 2d Dist. Montgomery No. 24465, 2012-Ohio-24, at ¶ 23.

{¶17} Here, Tilr's petition alleged sufficient facts to find that the discovery requested was necessary to ascertain the identity of additional employees or entities. First, Tilr alleged the timing of Crenshaw's actions suggested some degree of coordination with Talent & Vora or others and constitute a breach of contractual or common-law duties. In its RFPs, Tilr requested agreements, communications, non-privileged emails and text messages, and an inspection of Crenshaw's devices in the possession of Talent & Vora *and/or any related entity*. And so, it becomes clear that Tilr may be unable to file certain claims without the information contained in the documents requested. *See* Civ.R. 34(D)(3)(a)-(b). And Tilr alleged multiple attempts to voluntarily obtain the information. *See* Civ.R. 34(D)(3)(c). We hold that Tilr alleged sufficient facts under Civ.R. 34(D) to survive Talent & Vora's motion to dismiss.

<u>Tilr alleged sufficient facts to sustain its action under R.C. 2317.48</u>

**{¶18}** Finally, we turn to Tilr's use of presuit interrogatories under R.C. 2317.48. Talent & Vora argue that Tilr's petition fails to allege sufficient facts to demonstrate that it needed to discover additional facts necessary to file a complaint. Rather, Talent & Vora contend that Tilr was attempting to determine whether a cause of action existed and characterize Tilr's filing as an impermissible fishing expedition.

**{¶19}** R.C. 2317.48 authorizes the use of presuit interrogatories for the limited purpose of discovering facts necessary to file a subsequent complaint. A party "claiming to have a cause of action [who], without the discovery of a fact from the adverse party, is unable to file [its] complaint" may file for presuit discovery and attach "interrogatories relating to the subject matter of the discovery that are necessary to procure the discovery sought." R.C. 2317.48 The filing must establish "the necessity and the grounds for the action." *Id.* Presuit interrogatories are not meant to "gather proof to support a claim or determine whether a cause of action exists." *Huge*, 155 Ohio App.3d 730, 2004-Ohio-232, 803 N.E.2d 859, at ¶ 10-11 (affirming the dismissal of an action for presuit interrogatories under R.C. 2137.48 because the plaintiff failed "to identify what the[] causes of action may be [and] identify which facts sought in the discovery action w[ould] support these causes of action."). Rather, the statutory action represents a compromise "between an unacceptable 'fishing expedition' " and a party in need of limited facts who would otherwise be prevented from filing a valid complaint. *Id.*, quoting *Poulos*, 44 Ohio St.3d at 127, 541 N.E.2d 1031. Broad assertions of potential claims will not suffice; instead, "[i]t must be clear to the court what the underlying claim is about." *Colegate v. Lohbeck*, 78 Ohio App.3d 727, 730, 605 N.E.2d 1301 (1st Dist.1992). And we have explained that the filing and attached interrogatories must be "narrowly tailored and specific to the necessary facts." *Id.*

**{¶20}** Tilr identified a minimum of three potential claims, including misappropriation of trade secrets, conversion, and fraud. Tilr alleged that Talent & Vora are "actively misusing the data Ms. Crenshaw misappropriated to cause irreparable financial harm to Plaintiff and give themselves and potentially others an unfair advantage in the marketplace." Tilr maintained a need for facts regarding the use of Tilr's confidential information, the nature of Crenshaw's employment with Talent & Vora, communications and negotiations leading to Crenshaw's hiring, and the taking of information. Tilr attached six interrogatories directed at Talent & Vora, which requested a list of customers and vendors who worked with Crenshaw, a description of Crenshaw's day-to-day business activities, a list of communications with Cremalab, LLC, a list of communications between Crenshaw and any representative of Talent & Vora when Crenshaw was employed by Tilr, and a description of Talent & Vora's business before Crenshaw's employment with the company.

**{¶21}** Looking to Tilr's misappropriation-of-trade-secrets claim, the elements are "(1) the existence of a trade secret; (2) the acquisition of a trade secret as a result of a confidential relationship; and (3) the unauthorized use of a trade secret." *Tomaydo-Tomahhdo L.L.C. v. Vozary*, 2017-Ohio-4292, 82 N.E.3d 1180, ¶ 9 (8th Dist.). Relevant here, Ohio's Uniform Trade Secrets Act defines a trade secret as "business information or plans, financial information, or listing of names, addresses, or telephone numbers" that are "the subject of efforts that are reasonable under the circumstances to maintain its secrecy." R.C. 1333.61(D)(2). Without a doubt, Tilr alleged the existence of a trade secret—that Crenshaw had access to intellectual property, business plans and modeling, account and customer information, product development, and business-strategy information. *See id.* According to the petition, Tilr made reasonable efforts to maintain its secrecy. And taking all reasonable inferences

11

in favor of Tilr, the allegations establish that Talent & Vora acquired Tilr's trade secrets because of a confidential relationship.

**{¶22}** Tilr maintained that Talent & Vora are misusing the data. Tilr asserted that, to pursue its claims, it needed "more information about how Defendants are utilizing Plaintiff's intellectual property, trade secret, confidential information, and other non-public data." To that end, Tilr requested a list of vendors and customers with whom Crenshaw worked when she was employed with TalentNow and all communications between Crenshaw and Cremalab, LLC. Talent & Vora contend that this is insufficient for a presuit discovery action under R.C. 2137.48 and liken that allegation to *Bridgestone/Firestone v. Hankook Tire Mfg. Co.,* 116 Ohio App.3d 228, 233, 687 N.E.2d 502 (9th Dist.1996). In *Bridgestone*, dismissal was proper because Bridgestone/Firestone failed to allege facts underlying its "reason to believe" that Hankook, a company that employed a person who formerly worked for Bridgestone/Firestone, obtained confidential and proprietary information. Rather, the company stated that it "was seeking discovery to determine whether it had a cause of action." *Id.* at 232. In contrast, Tilr did not state that it is attempting to determine whether it has a cause of action against Talent & Vora. Instead, it alleges that it is attempting to determine how its trade secrets are being used. *See Bridgestone* at 231.

**{¶23}** Tilr alleged sufficient facts to reveal a potential cause of action to survive Talent & Vora's motion to dismiss. Tilr was entitled to move forward with its efforts to obtain answers to its interrogatories. In sum, the trial court properly denied Talent & Vora's motion to dismiss because Tilr's petition alleged sufficient facts to warrant recovery under both Civ.R. 34(D) and R.C. 2317.48. We overrule Talent & Vora's first assignment of error.

**Protective Order & Motion To Compel**

{¶24} In their second assignment of error, Talent & Vora maintain that the trial court erroneously granted Tilr's motion to compel and denied the protective order. First, Talent & Vora contend that a protective order was necessary as Tilr's discovery requests exceeded the scope of presuit discovery under Civ.R. 34(D) and R.C. 2317.48. Second, Talent & Vora argue that the protective order should have been granted because Tilr possessed the very information it was requesting. And third, Talent & Vora assert that Tilr was not entitled to discover trade secrets because Tilr had little, if any, need for that information.

{¶25} Once a party survives a motion to dismiss, presuit discovery "proceed[s] according to the civil rules, and the trial court enjoys broad discretion to decide if matters are privileged or are otherwise proper subjects for discovery." *Wheeler*, 1st Dist. Hamilton No. C-980302, 1999 Ohio App. LEXIS 1568, at 8. Therefore, we review the trial court's decision for an abuse of discretion. *Grace v. Mastruserio,* 182 Ohio App.3d 243, 2007-Ohio-3942, 912 N.E.2d 608, ¶ 13 (1st Dist.), citing *State ex rel. The V Cos. v. Marshall*, 81 Ohio St.3d 467, 469, 692 N.E.2d 198 (1998). A trial court abuses its discretion when it exercises its discretionary authority in an unwarranted way. *See Colerain Twp. Bd. of Trustees v. Bench Billboard Co.*, 1st Dist. Hamilton No. C-210342, 2022-Ohio-923, ¶ 6. To the extent that a discovery dispute involves an issue of law, we review any such issue de novo. *Migliara v. Migliara*, 1st Dist. Hamilton No. C-210413, 2022-Ohio-2111, ¶ 32.

{¶26} Talent & Vora moved for a protective order, which may be granted for good cause and where "justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Civ.R. 26(C). But the rule requires a threshold recitation of the requesting party's "reasonable effort to resolve

13

the matter through discussion." *Id.* The trial court denied Talent & Vora's request for a protective order because the company "failed to satisfy the reasonable effort requirement." The trial court cited Talent & Vora's failure to respond to an email from Tilr, which raised the possibility of narrowing the scope of Tilr's requests to avoid a protective order. Further, Talent & Vora waited until the day before the discovery deadline to inform Tilr that it was "considering filing a motion for a protective order." In response, Tilr was willing to speak to Talent & Vora on the phone, provided that Talent & Vora send Tilr a written explanation before the phone call. Talent & Vora refused and moved for a protective order the following day.

{¶27} Talent & Vora emphasize the fact that they met and conferred with Tilr and argue that the trial court refused to acknowledge this "objective fact." But Civ.R. 26(C) requires a recitation of *reasonable efforts*. The court found Talent & Vora's efforts perfunctory, and that conclusion is supported by the record. We hold that denying Talent & Vora's motion for a protective order was not an abuse of discretion.

{¶28} But we arrive at a different conclusion regarding the trial court's decision to grant Tilr's motion to compel. Under Ohio's Civil Rules, "parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." Civ.R. 26(B)(1). Relevancy is not limited "to the issues in the case, but to the subject matter of the action, which is a broader concept." *Dennis v. State Farm Ins.* Co., 143 Ohio App.3d 196, 204, 757 N.E.2d 849 (7th Dist.2001). Under Civ.R. 26(B)(6)(b), "the court must limit the frequency or extent of discovery" if it determines that 1.) discovery is unreasonably cumulative or duplicative, 2.) "the party seeking discovery has ample opportunity to obtain the information," or 3.) "the proposed discovery is outside the scope permitted." Civ.R. 26(B)(6)(b)(i)-(iii).

14

**{¶29}** The trial court granted Tilr's motion to compel and cited *Wheeler* for the proposition that RFPs under Civ.R. 34(D) were appropriate for Tilr to determine whether Talent & Vora misappropriated or gained access to the information appropriated by Crenshaw. The trial court found that Tilr's "discovery requests, in part, are related to gathering information necessary to ascertain the identity of a potential adverse party." But as we explained in our analysis of Talent & Vora's first assignment of error, *Wheeler* did not broaden the scope of discovery under Civ.R. 34(D) in this respect. Rather, each request for documents under Civ.R. 34(D) must be necessary to ascertain the identity of a potential adverse party. *See* Civ.R. 34(D)(3)(a). Likewise, the trial court failed to consider whether Tilr's interrogatories were designed to discover a fact necessary to file a subsequent complaint. *See* R.C. 2317.48. Thus, the trial court failed to determine whether Tilr's requests exceeded the scope of Civ.R. 34(D) and R.C. 2317.48. *See* Civ.R. 26(B)(6)(b)(iii).

**{¶30}** Further, Talent & Vora opposed Tilr's motion to compel based on their contention that Tilr had access to the relevant information following Crenshaw's responses to Tilr's discovery requests. The trial court's decision failed to determine whether Crenshaw's discovery responses rendered Tilr's requests unreasonably cumulative or duplicative. *See* Civ.R. 26(B)(6)(b)(ii)-(iii). Therefore, the trial court abused its discretion when it granted Tilr's motion to compel without properly analyzing Tilr's interrogatories and RFPs under the appropriate statute and rule. In addition, the trial court abused its discretion when it failed to consider whether Tilr already had access to the information and whether Tilr's interrogatories and RFPs were unreasonably cumulative or duplicative.

{¶31} We overrule Talent & Vora's second assignment of error in part, sustain it in part, and remand the case for the trial court to analyze Tilr's requests in a manner consistent with this opinion. A remand is necessary to allow the trial court an opportunity to examine each request to determine whether 1.) Tilr's RFPs under Civ.R. 34(D) are necessary to ascertain the identity of a potential adverse party, 2.) Tilr's interrogatories under R.C. 2317.48 are limited to facts necessary for Tilr to file a complaint, and 3.) whether Tilr's requests are necessary following Crenshaw's discovery responses.

## **Reasonable Expenses Under Civ.R. 37**

{¶32} In their third assignment of error, Talent & Vora argue that the trial court erred in awarding attorney's fees to Tilr. In its decision, the trial court awarded Tilr reasonable expenses, including attorney's fees, under Civ.R. 37, because Talent & Vora "were not substantially justified in filing the Motion for Protective Order nor in opposing the Motion to Compel." Trial courts are afforded discretion to issue an award of reasonable expenses and we review that decision for an abuse of discretion. *Pippin v. Sanderson*, 5th Dist. Fairfield No. 2020 CA 00013, 2020-Ohio-4551, ¶ 46.

{¶33} Under Civ.R. 37(A)(5)(a), a trial court granting an order compelling discovery "shall, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising the conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Relevant here, an award of reasonable expenses is mandatory unless "the nonmoving party's response or objection was substantially justified or other circumstances would render attorney fees unjust." Civ.R. 35(A)(5)(a)(i)-(iii). Substantial-justification claims are typically fact specific and reviewed on a case-by-case basis. *Koski v. Thunder Struck Transp., LLC,* 6th Dist.

16

Wood No. WD-21-016, 2021-Ohio-4404, ¶ 29. A party's opposition to discovery is substantially justified where its objections are reasonable. *See id.* at ¶ 28 (collecting federal cases defining "substantially justified" under the federal rule).

{¶34} The trial court awarded Tilr reasonable expenses because Talent & Vora's opposition to discovery "was not in response to a genuine dispute." Specifically, the trial court reasoned that the issues surrounding the scope of discovery were settled. But our disposition of Talent & Vora's second assignment of error makes clear that their objection to discovery had merit. Talent & Vora's dispute was reasonable and substantially justified.

{¶35} Because a trial court lacks discretion to award expenses when the conduct in question was substantially justified, we agree with Talent & Vora that the trial court abused its discretion when it awarded Tilr reasonable expenses under Civ.R. 37(A)(5)(a). *See Koski* at ¶ 35, quoting *Pippin* at ¶ 47. Thus, we sustain Talent & Vora's third assignment of error and reverse the award of reasonable expenses.

### III. Conclusion

{¶36} In conclusion, we sustain Talent & Vora's second assignment of error in part, and third assignment of error. But we overrule their first assignment of error and second assignment of error, in part. We reverse the trial court's order granting Tilr's motion to compel and awarding Tilr reasonable expenses. We remand the case with instructions to consider Tilr's requests in a manner consistent with this opinion.

Judgment accordingly.

ZAYAS, P.J., and BERGERON, J., concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.

17