[Cite as *Robertson v. Meyers*, 2024-Ohio-270.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| SHAWN ROBERTSON, | : | APPEAL NO. C-230257 |
| | | TRIAL NO. A-2202742 |
| Petitioner-Appellant, | : | |
| vs. | : | *O P I N I O N.* |
| L. PAMELA MEYERS, | : | |
| Respondent-Appellee. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: January 26, 2024

*Finney Law Firm, Christopher P. Finney, Casey A. Jones, Bradley M. Gibson, Jessica D. Gibson* and *Isaac T. Heintz*, for Petitioner-Appellant,

*Trenz & Knabe Co., LPA*, and *Alan R. Trenz*, for Respondent-Appellee.

**ZAYAS, Presiding Judge.**

{¶1} Petitioner-appellant Shawn Robertson appeals the judgment of the Hamilton County Court of Common Pleas dismissing his petition for discovery. In a single assignment of error, he argues that the trial court erred in dismissing his petition because the allegations in the petition—which the court must take as true—meet the requirements of Civ.R. 34(D). For the following reasons, we sustain the assignment of error, reverse the judgment of the trial court, and remand the cause for further proceedings consistent with this opinion and the law.

## I. Factual and Procedural History

{¶2} Petitioner filed a Civ.R. 34(D) petition for discovery, seeking discovery from respondent-appellee L. Pamela Meyers. The petition alleges that respondent became the acting trustee of the Patricia L. Robertson Living Trust ("the trust") upon Ms. Robertson's death on January 11, 2021. Petitioner—one of three residuary beneficiaries under the trust—asserts in the petition that Ms. Robertson—his mother— told him prior to her death that the proceeds from the sale of her home— approximately $200,000—were in a checking account held with U.S. Bank. The home was allegedly held by the trust and sold two months prior to Ms. Robertson's passing. Petitioner asserts in the petition that it was his understanding—based on conversations with his mother—that such proceeds were intended to be included within the trust and distributed accordingly. Yet, the proceeds were not included within the trust distribution. Accordingly, the petition requests information regarding the U.S. Bank account to ascertain the identity of any potential joint account holders and/or individuals who may have acted adversely to the wishes of his mother and the interest of the trust for purposes of bringing a potential cause of action based on the exclusion of the proceeds from the trust distribution. More specifically, the petition

requested "statements or other documents showing the titling and account number of any cash account that was not included in the distribution of the Trust in which Ms. Robertson had an interest as of the date of her death."

{¶3}    The trust—which was attached and incorporated into the petition—shows that Ms. Robertson transferred:

> all my right, title, and interest in and to all of my property that may legally be held in trust and that may be transferred to my trust by this assignment.  This assignment includes all of my real, personal, tangible, and intangible property located in the United States, whether separate property or community property, and whether acquired before or after the execution of this instrument, except for these assets that are expressly not transferred by this instrument * * *.

The trust also shows that petitioner was to receive one third of the "remaining trust property (not distributed under prior Articles of [the trust])."  The trust became irrevocable upon death.    Additionally, a trustee's deed—also attached and incorporated into the petition—shows that real property of the trust was sold on October 28, 2020, for $229,000.  Lastly, an affidavit of petitioner—which was again attached and incorporated into the petition—avers that petitioner requested the information from respondent and/or respondent's counsel on two separate occasions to no avail.

{¶4}    Respondent moved to dismiss the petition under Civ.R. 12(B)(6), arguing that petitioner was not entitled to the requested information as the trust—which was revocable prior to Ms. Robertson's death—has been fully administered and all residuary beneficiaries have received an identical amount under the trust.  In other words, the motion argued that all trust assets have been distributed and petitioner is

3

not entitled to information on nontrust assets. Further, the motion asserted that respondent had no right—in her capacity as trustee—to release any information on any joint account, should one exist, as the account would not be an asset subject to her supervision as trustee.

{¶5} After responsive briefing and oral argument, the trial court ultimately granted the motion to dismiss, finding that petitioner failed to meet his burden under Civ.R. 34(D) as the petition was based on "a large amount of speculation." Petitioner now appeals.

## II. Law and Analysis

{¶6} We review the trial court's decision on a Civ.R. 12(B)(6) motion to dismiss a petition for discovery de novo. *TILR Corp. v. TalentNow, LLC*, 1st Dist. Hamilton No. C-220323, 2023-Ohio-1345, ¶ 9-12. When ruling on a motion to dismiss a petition for discovery, the trial court must accept all factual allegations in the pleading as true, draw all reasonable inferences in favor of the nonmoving party, and find that it appears, beyond doubt, that the petitioner can prove no set of facts entitling him or her to recovery. *Id.* at ¶ 12, citing *Fry v. City of Cincinnati*, 1st Dist. Hamilton No. C-210482, 2022-Ohio-1248.

{¶7} Civ.R. 34(D) permits "a person who claims to have a potential cause of action" to file a petition to obtain discovery in accordance with the rule.

> Prior to filing a petition for discovery, the person seeking discovery shall make reasonable efforts to obtain voluntarily the information from the person from whom the discovery is sought. The petition shall be captioned in the name of the person seeking discovery and be filed in the court of common pleas in the county in which the person from whom the discovery is sought resides, the person's

4

principal place of business is located, or the potential action may be filed. The petition shall include all of the following:

(a) A statement of the subject matter of the petitioner's potential cause of action and the petitioner's interest in the potential cause of action;

(b) A statement of the efforts made by the petitioner to obtain voluntarily the information from the person from whom the discovery is sought;

(c) A statement or description of the information sought to be discovered with reasonable particularity;

(d) The name and addresses, if known, of any person the petitioner expects will be an adverse party in the potential action;

(e) A request that the court issue an order authorizing the petitioner to obtain the discovery.

Civ.R. 34(D)(1).

{¶8} The court must issue and authorize the petitioner to obtain the discovery if the court finds all the following:

(a) The discovery is necessary to ascertain the identity of a potential adverse party;

(b) The petitioner is otherwise unable to bring the contemplated action;

(c) The petitioner made reasonable efforts to obtain voluntarily the information from the person from whom the discovery is sought.

Civ.R. 34(D)(3).

{¶9} This rule is "designed 'to avoid needlessly joining as defendants non-liable parties who may have valuable information.' " *TILR Corp.*, 1st Dist. Hamilton

No. C-220323, 2023-Ohio-1345, at ¶ 13, quoting *Cruz v. Kettering Health Network*, 2d Dist. Montgomery No. 24465, 2012-Ohio-24, ¶ 30. While presuit document requests must assist in the identification of a potential adverse party, the existence of a known adverse party is not fatal to a party attempting to ascertain *additional* potential adverse parties. *Id*. at ¶ 16, citing *In re F.D. Johnson Co.*, 11th Dist. Lake No. 2018-L-009, 2018-Ohio-4803, ¶ 23. Rather, courts have adopted a more reasonable interpretation of the rule, requiring that the discovery " 'must be necessary to ascertain the identity of an adverse party, regardless of how many known adverse parties exist.' " *Id*., citing *Cruz* at ¶ 23.

{¶10} Here, taking all allegations in the petition as true, petitioner alleged facts sufficient to meet the requirements of Civ.R. 34(D). Petitioner stated the subject matter of his potential cause of action: misappropriation of account funds or trust assets in which he may have an interest. He made a statement of the efforts to obtain the information voluntarily: two requests to respondent and/or respondent's counsel to no avail. He stated what information he sought with reasonable particularity: account statements from the account in which his mother had an interest, which no one challenges as unidentifiable. He identified the respondent as a possible adverse party, either in her capacity as trustee or as a potential joint account holder. Lastly, he requested that the court authorize him to obtain "statements or other documents showing the titling and account number of any cash account that was not included in the distribution of the [t]rust in which Ms. Robertson had an interest as of the date of her death."

{¶11} Further, the allegations show that the requested discovery is necessary to ascertain the identity of any individual who may have had an interest in or access to the account that may be an adverse party. The allegations further show that discovery

is also necessary to bring the contemplated action as plaintiff does not know if the alleged misappropriation was done by the respondent in relation to the trust, the respondent in her personal capacity as a potential joint account holder, or by another unknown individual in association with the account and unrelated to the trust. Lastly, the allegations show that petitioner attempted to obtain the information voluntarily from respondent and/or her counsel on two separate occasions. Petitioner claims that respondent is the individual likely to have such information as she was the trustee of the trust and a potential joint account holder of the bank account as Ms. Robertson's sister.

{¶12} Based on all the foregoing, we hold that petitioner alleged facts sufficient to survive a Civ.R. 12(B)(6) motion to dismiss in relation to his petition for discovery under Civ.R. 34(D). Therefore, we sustain the assignment of error and reverse the judgment of the trial court.

### III. Conclusion

{¶13} Having sustained the assignment of error, we reverse the judgment of the trial court and remand the cause for further proceedings consistent with this opinion and the law.

{¶14} We note that, " 'once the plaintiff has passed the Civ.R. 12(B)(6) hurdle, discovery should proceed according to the civil rules, and the trial court enjoys broad discretion to decide if matters are privileged or are otherwise proper subjects for discovery.' " *TILR Corp.*, 1st Dist. Hamilton No. C-220323, 2023-Ohio-1345, at ¶ 12, quoting *Wheeler v. Girvin*, 1st Dist. Hamilton No. C-980302, 1999 Ohio App. LEXIS 1568, 12 (Apr. 9, 1999).

Judgment reversed and cause remanded.

**BOCK** and **KINSLEY, JJ.,** concur.

7

Please note:

The court has recorded its own entry this date.